[No. 1527. Decided February 14, 1895.]

GEORGE S. HILFRICH, *Respondent*, v. J. D. MEYER *et al.*, *Appellants*.

ATTACHMENT BOND — ACTION ON — DAMAGES — EVIDENCE OF MALICE.

In an action upon an attachment bond, the costs of the principal action, to which the attachment was auxiliary, cannot be recovered as damages, under Code Proc., § 293.

In an action on an attachment bond, damages for the detention of the property cannot be recovered when there is no proof of actual injury to plaintiff in consequence thereof.

Where no actual damage is proven, exemplary damages cannot be recovered upon an attachment maliciously sued out.

The mere fact that a plaintiff is unsuccessful in establishing the indebtedness of defendant to him, upon a trial of that issue, is not proof of malice in the issuance of an attachment as auxiliary to the action.

*Appeal from Superior Court, Pierce County.*

*Sharpstein & Blattner,* for appellant.

*John P. Judson,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This was an action for the recovery of damages on an attachment bond; plaintiff obtained judgment and defendants appealed.

J. D. Meyer & Co. commenced an action against F. W. Walker and respondent, as copartners, to recover the sum of $219.50. On the day previous an action had been brought against the same parties by Esberg, Bachman & Company, and in that action a writ of attachment was issued, which was levied upon certain real estate and a large quantity of cigars belonging to respondent. The bond upon which this action was instituted was executed in the suit brought by Meyer & Co., and a writ of attachment was issued therein to the sheriff. The case brought by Esberg, Bachman & Company was subsequently settled, and the real estate and a portion of the cigars were released. The remainder of the cigars was retained by the sheriff upon the writ issued in favor of J. D. Meyer & Co. No effort was made to dissolve the attachment upon motion, and upon trial of the cause a judgment was rendered for the defendants.

It is contended that there is no evidence to sustain a recovery on the bond. The judgment in the original action was introduced in evidence, but this simply shows a judgment in favor of the defendants on the cause of action and for a certain amount of costs.

The costs of the original action cannot be recovered in an action upon the attachment bond. We so held in *Seattle Crockery Co v. Haley,* 6 Wash. 302 (33 Pac. 650, 36 Am. St. Rep. 156). The language of § 293,

Code Proc., providing that the bond shall be conditioned that the plaintiff will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment, relates only to the attachment costs. The original action might have been prosecuted without the issuance of an attachment, and so far as the question of costs is concerned, should be regarded as a separate or independent proceeding.

There was no proof in the case of any actual damages whatever. It appeared from the testimony, that the defendant had continued to conduct his business, and there was no proof that he had been deprived of making any sales by reason of the cigars having been detained under this writ as aforesaid, nor that he would have sold the same had they remained in his possession, nor that they had deteriorated in value while in the hands of the sheriff; and the court below instructed the jury that under the pleadings and proofs the plaintiff could not recover damages for the detention of the property.

It is contended that no exemplary damages can be recovered upon an attachment maliciously sued out, where no actual damage is proven; and also that there was no evidence of malice in the case. We think both of these contentions must be sustained. There can be no recovery of exemplary damages where there is no actual damage. *Myers v. Wright,* 44 Iowa, 38.

And there was no proof of malice. The facts only show that prior to the issuance of the attachment the defendant had denied any liability to Meyer & Co., and that he was successful upon the trial of that issue. But there is no evidence that Meyer & Co. were not proceeding in good faith, and the mere fact that they were unsuccessful on the trial of the issue as to the indebt-

edness claimed would not prove they acted maliciously in suing out the attachment.

Reversed.

HOYT, C. J., and DUNBAR and ANDERS, JJ., concur.

GORDON, J., concurs in the result.