[No. 17217. Department One. November 21, 1922.]

*In the Matter of the Estate of* GEORGE KRILICH, *Deceased.*

MATIJA STIPICH, *as Administratrix etc., Respondent,* v.
PAUL KRILICH *et al., Appellants.*[1]

APPEAL (418)—REVIEW—FINDINGS — CREDIBILITY OF WITNESSES.
Where on all material points testimony of one side is flatly contra-
dicted by that on the other side, and the decision depended almost
exclusively upon the credibility and veracity of the witnesses, the
trial court has an immense advantage over the appellate court and
the evidence will not be disturbed even conceding that it appears
to be against the weight of the evidence.

PARTNERSHIP (14)—EXISTENCE OF RELATION—EVIDENCE—SUFFICI-
ENCY. Evidence that real estate standing in the name of one partner
belonged to the partnership will be sustained where there is evidence
that all the partners contributed to the erection of the building and
that other lots shortly afterwards purchased were for the benefit and
use of the business (Eliminated on rehearing).

APPEAL (458) — REVIEW — HARMLESS ERROR — EXCLUSION OF EVI-
DENCE—FACTS OTHERWISE ESTABLISHED. Error assigned in the re-
jection of evidence, on the ground that it concerned transactions
with the deceased, is not ground for reversal where some of the
testimony was clearly inadmissible, the admissible testimony, at
one time rejected, was, in the most part, later received, and that
which was wrongly rejected was of such a character as to have no
effect on the result.

TRIAL (31)—REOPENING CASE AFTER CLOSE OF EVIDENCE—DISCRE-
TION. It is not an abuse of discretion to refuse to reopen a case for
further testimony which was cumulative evidence of the same class
that had been previously received in great quantities, and tended
only to affect the credibility of witnesses.

ON REHEARING.

TRIAL (157)—FINDINGS—CONSTRUCTION AND OPERATION. In a pro-
ceeding to determine the existence of a copartnership, and what
property it owned, if it existed, and an accounting of its business,
in which much testimony was received concerning the property
owned, error cannot be assigned upon findings as to the ownership

[1]Reported in 210 Pac. 788; 215 Pac. 9.

of part of the property, where the findings further indicated that it was impossible, without a formal accounting, to determine what property it owned, and the findings were expressly limited to the existence of the partnership, and the appeal was from a judgment decreeing the existence of the partnership and ordering a "full, true and correct accounting of all business of said firm"; since the judgment determines only the existence of the partnership and leaves the question of ownership open and undetermined.

Appeal from a judgment of the superior court for Pierce county, Honorable Robert M. Davis, judge *pro tempore*, entered September 19, 1921, upon findings in favor of the administratrix, in a proceeding in probate, establishing a partnership between the decedent and the defendants and ordering an accounting. Affirmed.

*Ellis, Fletcher & Evans,* for appellants.

*John E. Belcher* and *Arthur Remington,* for respondent.

BRIDGES, J.—By this action the respondent seeks to establish a partnership between her deceased husband and the appellants. The trial court made findings to the effect that such partnership was created in 1912, and continued until the death of George Krilich, the husband of the respondent, and also found what property was owned by such partnership and required the surviving partners, who are the appellants, to make an accounting concerning such property.

The facts are many, the situations complicated and the record very long. We shall not pretend to state or discuss the facts or the testimony in great detail. The deceased, George Krilich, and the appellants, Paul, John and Tony Krilich, were brothers. They were all of foreign birth. Paul came to this country in 1906; George and John, in 1910; and Tony, in 1912. George died late in 1918. Prior to engaging in the business hereinafter mentioned, these brothers worked

generally at common labor and received fairly good wages.

It is conceded that, sometime in 1912, Paul started a small grocery store in Pierce county, near the town of Ruston. Before starting the business, a store building was constructed, the upper story of which was to be used for a rooming house. It is also conceded that, a few months after the store was started, John became a partner with Paul and the business was somewhat enlarged, and within a few months thereafter Tony also became a partner and the business was again slightly enlarged. Almost from the beginning the business was done under the name of Krilich Brothers. Paul, John and Tony worked almost exclusively in the store. It would appear, however, that, during this time and subsequent thereto, Paul also carried on a real estate business in the locality where the store was. The question in dispute is whether George was also one of the co-partners.

The testimony of the respondent was to the effect that, before any of the brothers engaged in the store business, it was orally agreed and understood between all four of them that they would enter into a partnership for the purpose of engaging in such business, and that such partnership should be equal; that some of the brothers would work in the store and others would work elsewhere, and that they would all contribute their time or wages towards the enterprise. She further testified that, in the beginning, George contributed seven hundred dollars in cash towards the construction of the store building and the business opportunity, and that he worked for the most part in the smelter and applied more or less of his wages to the store business. A large number of witnesses—mostly foreigners—supported her testimony, particularly in that they testified that, at one time or another,

the three surviving brothers had said that the four brothers were equal partners in the store business.

The testimony on behalf of the appellants directly and positively contradicted all of that of the respondent. Paul, John and Tony each denied that their brother George ever had any interest in the store business or any of the real estate hereinafter more particularly mentioned. They all three testified that all the real estate, including the store building, belonged exclusively to Paul, and that John and Tony had not contributed anything whatever to such real estate, and never had, and at the time of the trial did not have, any interest therein. It seems to be conceded, that during some of the period from the time the store started, George was sick and unable to work. However, in the earlier years he worked and earned considerable wages.

Under this testimony, the trial judge held that George was an equal partner with his three brothers in the merchandise business, and also in the following four pieces of real estate, with the improvements thereon: The store building, which was erected in 1912; the lot adjoining that building, which had on it a barn where the delivery wagons and delivery auto trucks were kept, and which was purchased in 1913 or 1914; a lot immediately across the street from the store building, which was purchased about 1915; and lots 14 and 15, Block 2, Olson's Addition to Tacoma, which was purchased probably in 1917, and a new house erected thereon in 1918. In addition thereto, the trial court found that the partnership owned an auto delivery truck and a common passenger automobile.

It is impossible to reconcile the testimony given by the various witnesses. On all material points, the testimony of the one side is flatly contradicted by that of

the other side. Should we concede that, from a reading of the cold print before us, the weight of the testimony seems to be to the effect that no partnership existed, yet we are bound to remember that a correct decision of this case depends almost exclusively upon the credibility and veracity of the witnesses. The trial court, in this regard, had an immense advantage over us. Many of the witnesses were unable to speak or understand the English language and testified through interpreters. A case seldom appears here where the solution depends so completely upon a determination as to which side has testified truthfully. After a very thorough examination of all the testimony, we have concluded to follow the trial court on the question of the existence of the partnership. If the respondent's testimony is to be believed and followed, it is amply sufficient to establish a partnership between these four brothers.

As to three of the four pieces of real estate, the following facts strongly support the theory that they were owned by the partnership: The store building was constructed about the time the partnership was entered into, and there is direct testimony to the effect that the four brothers contributed as partners to the erection of that building; and if it be conceded, as we do, that the partnership existed as to the merchandise itself, it can easily follow that the building in which the business was carried on was also a part of the partnership property. The lot adjoining that building was also purchased at an early date and used in the conduct of the partnership business. The testimony shows that the building immediately across the street from the store was acquired about 1915 for the benefit of the store business. We will follow the trial court in finding that these three pieces of real estate belonged to the partnership.

We cannot, however, agree with the finding of the trial court that Lots 14 and 15, Block 2, Olson's Addition to Tacoma, being the lots upon which the new house was built, was partnership property. It was not acquired or the house constructed until 1918, which was within a year of George's death and during a period when he was earning nothing or practically nothing. There is no testimony to show that that property was purchased for the benefit of the partnership or the partnership business, or that it was in any manner used in connection with that partnership business. There is very little testimony to show that the money which purchased this lot and erected the new house thereon came from the partnership business. The great weight of the evidence is to the contrary. The direct testimony, and all the surrounding circumstances, compel us to the conclusion that this lot and house does not belong to the partnership. The same may be said with reference to the passenger automobile. There is hardly a word in the evidence to show that it was purchased with partnership money, and there is nothing to show that it was ever used in the partnership business.

The appellants contend that the court was in error in refusing to receive some of their testimony on the ground that it was inadmissible because it concerned transactions with the deceased. These questions are numerous in the record, and we cannot take the space to cover them in detail. Suffice it to say that some of the testimony so offered was clearly inadmissible, and some of it was, in our judgment, admissible and should have been received; but, for the most part, the admissible testimony which was at one time rejected by the court was at other times and in other manners received and appears in the record. The testimony which was wrongly rejected was of such character as

that its rejection did not affect the result. We cannot find that the errors in this regard were of such prejudicial character as to justify a complete retrial of the case.

Appellants also complain that the court, after the testimony was all in, refused to open the case and allow them to introduce further testimony. This new testimony was either of the same class that had previously been received in great quantities or concerned the credibility of respondent's witnesses. Appellate courts will not ordinarily hold that the trial court has abused its discretion in refusing to open a case for further testimony when such testimony is either cumulative or tends only to affect the credibility of witnesses, and we do not think the trial court in this instance abused its discretion.

One or two other points are discussed in the appellants' briefs, which we do not think have merit.

The trial court erred in holding that Lots 14 and 15, Block 2, Olson's Addition to Tacoma, and the passenger automobile, belonged to the partnership. As to these properties, the judgment is modified; in all other respects it is affirmed.

PARKER, C. J., MITCHELL, and TOLMAN, JJ., concur.

## ON REHEARING.
### [*En Banc.* May 11, 1923.]

BRIDGES, J.—For the facts of this case, we refer to the opinion of the Department. That opinion determined the existence of a partnership between Paul, John, Tony and George Krilich, and also the property owned by such copartnership.

A reconsideration of the case before the whole court convinces us that the Department opinion is right in so far as it affirms the judgment of the lower court in establishing the partnership mentioned, which question

was the main one in the case. But a more serious question is whether the Department opinion is right in its determination of the property owned by that partnership. That is, should not the court in that opinion have limited its views to the single question whether such a partnership existed?

In this regard, it seems to us that the record has become confused and complicated. In the first place, it was stipulated by the parties to the action,

"That there may be submitted to the decision of said Robert M. Davis [Judge *pro tempore*] the question of the existence or non-existence of a partnership between the deceased, George Krilich, and Paul, John and Tony Krilich; and if a partnership is decreed, the proportionate interest of the deceased therein, and an accounting thereof. . . ."

In accordance with this stipulation, a trial was had, at which a great volume of testimony was heard, not only affecting the existence or non-existence of the partnership, but also concerning the property owned by such partnership, if it existed. The trial court found that the partnership existed, and also expressly found that it owned certain described personal property and real estate.

The judgment, however, went no farther than to adjudge the existence of the partnership, and to require the appellants to make "a full, true and correct accounting of all business of said firm of Krilich Bros.". It did not adjudge what property was owned by the partnership. Although paragraph three of the written findings expressly found what property was owned by the partnership, other findings indicate that the court was of the view that it was impossible, without a formal accounting, to determine such ownership; and the last finding is to the effect that:

"All of the facts found in the foregoing findings are made solely upon the issue as to the existence of a partnership and the right to an accounting, and none of such findings is intended to have any bearing upon the account to be rendered."

In any event, the appeal is from the judgment, and it goes no farther than to adjudge that a partnership existed and to require an accounting to be made. Under these circumstances, we are now of the view that the opinion of the Department should not have discussed or undertaken to determine anything other than the existence or non-existence of the partnership. The question of what the partnership owns is still open and undetermined. The result is that all we said in the Department opinion concerning the existence of the partnership is here confirmed; but that portion discussing and adjudging the property owned by that partnership is eliminated.

The judgment of the lower court should be, and it is, affirmed.

MAIN, C. J., MACKINTOSH, PARKER, HOLCOMB, MITCHELL, TOLMAN, and PEMBERTON, JJ., concur.

[No. 17389.   Department One.   November 21, 1922.]

# H. E. KNOWLES, *Appellant,* v. E. V. KUYKENDALL, *Respondent.*[1]

CARRIERS (3-1)—REGULATION—CERTIFICATES OF PUBLIC NECESSITY—CANCELLATION—HEARING ON COMPLAINT—POWERS OF DEPARTMENT OF PUBLIC WORKS—STATUTES. Under Rem. Comp. Stat., § 6389, providing that the department of public works shall have power to make rules regulating auto transportation, and the rule adopted that a certificate obtained by false representation shall be subject to cancellation, the department has power, on complaint made, to investigate the conditions under which a certificate had been issued, and to cancel it for fraud in procuring it.

PLEADING (150)—MOTION—JUDGMENT ON PLEADINGS. A judgment of dismissal expressly based upon all the pleadings cannot be said to be based on the plaintiff's petition alone.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered December 21, 1921, in favor of the defendant upon the pleadings, denying an application for a writ of prohibition. Affirmed.

*W. R. Crawford,* for appellant.

*The Attorney General, R. W. Clifford* and *O. R. Schumann, Assistants,* for respondent.

BRIDGES, J.—The plaintiff sought a writ of prohibition against the defendant. Upon the filing of his complaint, or petition, an alternative writ was issued, directing the defendant to appear at a time stated and show cause why the writ should not be made permanent. The pleadings in the case show the following undisputed facts: That the defendant is the director of the department of public works; that, prior to the commencement of this proceeding, the plaintiff made written application to the defendant for a cer-

[1]Reported in 210 Pac. 666.

tificate of public convenience and necessity, as provided by Laws of 1921, p. 338, ch. 111, § 1 [Rem. Comp. Stat., 6387], permitting the operation of a motor vehicle between the city of Seattle and the town of Renton; that, based upon such application, the defendant issued to the plaintiff such a certificate, under and by virtue of which he had since operated; that thereafter there was filed in the office of the defendant a written complaint, seeking the cancellation of the certificate theretofore issued to the plaintiff because he had obtained it by means of false and fraudulent representations concerning his operation in good faith between the two localities named, on January 15, 1921; that, upon receiving and filing such complaint, the defendant gave the plaintiff written notice that a hearing at a time and place fixed would be had on such complaint, and as to whether the certificate theretofore issued should be revoked for the reasons stated in the complaint. The court sustained a motion for judgment on the pleadings, dissolved the alternative writ, and dismissed the action; from which the plaintiff has appealed.

The appellant contends that respondent is without power to order or have the hearing which he directed to be had.

Laws of 1921, p. 340, ch. 111, § 3 [Rem. Comp. Stat., § 6389], provides that "the commission shall have the power and authority, by general order or otherwise, to prescribe rules and regulations in conformity with this act, applicable to any and all such auto transportation companies; and within such limits shall have power and authority to make such orders and prescribe rules and regulations affecting auto transportation companies." By virtue of this authority, the department of public works, prior to this proceeding, had adopted the following rule: "Any certificate to oper-

ate a motor propelled vehicle for the transportation of persons, and, or, property for compensation, obtained upon an *ex parte* application by any false affidavit or representation, shall be subject to revocation and cancellation by this department.'' Under this rule, as well as under the statute itself, the department had a perfect right, upon complaint being made, to investigate the conditions under which the certificate of necessity had been issued to the appellant, and if it found that he had procured it by means of misrepresentations, the department would have a right to annul and cancel it.

The appellant, in its brief, contends that the motion for judgment is based entirely upon his petition for a writ of prohibition. If such were the fact it is probable that the court would have erred in dismissing the action. While it is true that the record shows a motion for judgment on the pleadings filed by the respondent at the same time he filed his answer or return to the writ and before the reply was filed or served, the judgment dismissing the action was not taken until after all the pleadings had been filed, and it expressly recites that the motion was based upon all of the pleadings. Judgment affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.