[No. 1549. Decided May 17, 1895.]

LEWIS LEVY, *Respondent*, v. FLEISCHNER, MAYER & Co.,
*Defendants*, R. C. HILL *et al.*, *Appellants*.

WRONGFUL ATTACHMENT — PROBABLE CAUSE — ACTION ON BOND —
DAMAGES.

In an action on an attachment bond, under Code Proc., § 295,
allowing exemplary damages in case the attachment had been ma-
liciously sued out, the plaintiff is not entitled to damages by way
of punishment, but the term, " exemplary damages," must be con-
strued as being in compensation for injury to reputation, feelings
and other damage of that character, of an intangible nature.

The fact that an attachment was sued out by the advice of attor-
neys to whom had been submitted all the facts in the case raises the
presumption of reasonable cause for the action on the part of the
attaching creditor, and, in such case there can be no recovery on
the attachment bond even if the writ was wrongfully sued out.

Under Code Proc., § 295, exemplary damages cannot be recov-
ered in an action on an attachment bond, when actual damages are
not recoverable.

*Appeal from Superior Court, Clallam County.*

*Cox, Cotton, Teal & Minor,* and *R. E. Moody,* for ap-
pellants.

*W. R. Gay* and *George C. Hatch,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action upon an attach-
ment bond given by the appellants to Lewis Levy,
respondent herein. The plaintiff alleges the actual
damage in the attachment proceedings to be $25, but
claims $5,650 as exemplary damages. Upon the trial
of the cause the jury found for the plaintiff in the
sum of $2,010. As the verdict under the pleadings
could have been for but $25 for actual damages, on
deducting the $400 allowed by the court as attorney's
fees in the present action it will be seen that the ver-

dict for exemplary damages, on a demand for $25 actual damages, was $1,585.

This case, in any event, will have to be reversed on the instructions given by the court. Instruction 3 asked for by the plaintiff and given by the court was as follows :

" Under our attachment law, with reference to these attachment suits there are two branches of damages; one is known as actual damages and the other as exemplary damages. By actual damages the court instructs you that if you find from the evidence that said attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true; then you should find, first, for nominal damages in favor of the plaintiff. By nominal damages the court means any insignificant sum. If you find further from the evidence that the goods described in the complaint were actually detained and withheld from the plaintiff for any length of time, and if you find from the evidence that the use of the same during said time was worth any sum, then you may allow plaintiff for the use of said goods the actual value of such use during such time not exceeding $25 ; and if you find from the evidence that the said attachment was maliciously sued out, then you can go further and find exemplary damages. By exemplary damages the court means damages by way of punishment to said defendants, Fleischner, Mayer & Co., for acting maliciously. You are the judges of the amount of such damages, if you find from the evidence that plaintiff is entitled to recover such damages."

The court in the latter part of this instruction has undertaken to define the statutory meaning of the term "exemplary damages." Sec. 295 of the Code of Procedure provides that " in action on such bond [referring to an attachment bond] the plaintiff therein may recover if he shows that the attachment was

wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained and reasonable attorney's fees to be fixed by the court ; and if it be shown that such attachment was sued out maliciously he may recover exemplary damages," etc.

The court has instructed the jury that " exemplary damages," as used by the statute, means damages by way of punishment to the defendants.   This court in the case of *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45 (25 Pac. 1072, 26 Am. St. Rep. 842), entered at some length into the discussion of the principles involved in exemplary damages, and held there that, in the absence of statutory provisions, exemplary damages in this state would not be allowed; and we are not inclined, in view of the reasons given for the decision in that case, to extend, by implication or by loose reasoning, the power of a jury to assess damages by way of punishment under the permission of the statute to assess exemplary damages.

This question of exemplary damages is one that has called forth a great deal of discussion by the courts, but we are inclined to think that it was the intention of the legislature, in granting the jury the right to assess this peculiar and not very well defined character of damages, to grant them only the right to assess actual damages, which could not be assessed in the absence of this provision under the general laws governing attachments.   We do not mean by the term, " actual damages," the actual damages expressed by the statute, of course, such actual damages as could be definitely determined as the actual loss which the debtor would incur by reason of the attachment, and which loss could be determined or computed; but an undetermined loss and damage which is no less

2—12 WASH.

actual by reason of its indeterminate character; such as damage to reputation, damage to pride and to feeling, and damages of that character, some of which, it is true, are more or less sentimental; but that it never was the intention of the legislature to place in the hands of the jury the power, without any data whatever, to assess an arbitrary punishment against an attaching creditor for the mere purpose of punishing such creditor, or as an example to others.

One of the most comprehensive and exhaustive opinions which has been handed down on this subject was that of Judge GREENE of the Supreme Court of West Virginia, in *Pegram v. Stortz*, 31 W. Va., 220 (6 S. E. 485). There, under a statute which is fully as broad if not broader than ours, the court held, after a searching investigation and review of all the authorities, that the term "exemplary damages" did not comprehend damages by way of punishment. In summing up the opinion the court, in this case, says :

"But, in my judgment, the decided weight of reason as deduced from these decisions, is opposed to the allowance to the plaintiff in any case, of any but compensatory damages, and that in no case should any damages be awarded the plaintiff, not as compensation to him, but as punishment of the defendant. In most of the cases above cited the courts have not reasoned at all on the subject, but they have simply announced views of the law ; and the language used by them has very generally been so indefinite as really to furnish no safe conclusion as to what was thought by the court of the question we are discussing."

With this view of the law, which we are satisfied is the correct one, the instruction above cited was manifestly erroneous.

The motion of the defendants for a non-suit in this case should have been granted also on other grounds.

There was no evidence whatever adduced showing any malice on the part of the plaintiff in the attachment proceeding.   There was no disposition manifested on the part of the plaintiff to injure the defendants, but the whole record shows that the plaintiff carefully and cautiously examined into the standing of the defendants before this action was commenced; that they employed attorneys, not only to examine the law, but the facts of the case in relation to the standing of the debtor, defendant in the attachment proceedings, and that when the action was commenced it was upon the advice of their attorneys, with a full knowledge of all the facts in the case.   That one firm of attorneys resided in Portland and the other in Port Townsend does not affect the case one way or the other, and it is the well-established law that probable cause is a question of law, in this far, at least, that probable cause will be presumed when the action has been commenced by the advice of attorneys to whom has been submitted all the facts in the case.

In *Burton v. St. Paul, etc., Ry. Co.*, 33 Minn. 189 (22 N. W. 300), the court says :

" What facts, and whether particular facts, constitute probable cause is a question exclusively for the court.   What facts exist in a particular case, where there is a dispute in reference to them, is a question exclusively for the jury.   When the facts are in controversy, the subject of probable cause should be submitted to the jury, either for specific findings of the facts, or with instructions from the court as to what facts will constitute probable cause.   ' These rules,' says the court, ' involve an apparent anomaly, and yet few, if any, rules of the common law rest upon a greater unanimity or strength of authority; ' citing many authorities."

In this case there was no controversy as to the ques-

tion whether this action was brought by the advice of counsel familiar with the facts, and it must be conceded then that probable cause or reasonable cause existed for the bringing of the action. Now, our statute provides that the plaintiff may recover, if he shows that the attachment was wrongfully sued out and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages. Under the statute it is necessary before a judgment can be obtained on an attachment bond, even for actual damages, that it should appear in the allegations of the complaint, and be established by proof, not only that the attachment was wrongfully sued out but that there was no reasonable cause to believe the ground upon which the same was issued to be true. A reasonable ground is nothing but a probable cause, and if it be conceded that the probable cause existed by reason of the fact that the action was brought by the advice of attorneys to whom the facts were submitted, then it could not be very well established that the action was brought without reasonable cause ; and as no actual damages could be recovered under the statute, no exemplary damages could be recovered under the ruling of this court in *Hilfrich v. Meyer*, 11 Wash. 186 (39 Pac. 455). It was also held there that the costs of the original action could not be recovered in an action upon the attachment bond, citing *Seattle Crockery Co. v. Haley*, 6 Wash. 302 (33 Pac. 650, 36 Am. St. Rep. 156).

Many other questions have been raised in this case, some of which at least we think are fatal to the respondent's case ; but, for the errors here commented upon, the judgment will be reversed with instructions to the lower court to grant the non-suit asked for by the defendants.

HOYT, C. J., and SCOTT, J., concur.

ANDERS, J., concurs in the result.

GORDON, J.—I concur in the result, but express no opinion upon the proposition first above discussed.