[No. 4431.    Decided September 8, 1903.]

# E. J. Voss, *Respondent*, v. A. J. Bender *et al., Appellants.*

WRONGFUL ATTACHMENT — ACTION ON BOND — MISJOINDER OF CAUSES.

In an action on an attachment bond, a complaint asking damages for the value of the goods, for expenses incurred in dissolving the attachment, for loss of time occasioned by the wrongful issuance of the writ, and for attorneys' fees in the action on the bond, is not demurrable on the ground of joining actions *ex contractu* and *ex delicto*, inasmuch as all the damages arise out of the attachment for which the bond had been given.

SAME — PROBABLE CAUSE — ADVICE OF COUNSEL — WHEN QUESTION FOR JURY.

The question of probable cause for the issuance of a wrongful attachment, though on the advice of an attorney, is one for the jury and not for the court, where there is evidence tending to show that the attorney was falsely informed as to the facts, or not put in possession of all the facts.

TRIAL — ATTORNEY AS WITNESS — WAIVER OF RIGHT TO ARGUE CAUSE — RULES OF COURT.

Under Bal. Code, § 4993, subd. 5, which provides that parties litigant may address the court and jury, either in person or by counsel, a party may waive his right to argument, and a rule of court depriving an attorney of the right to argue his cause to the jury, when he has given evidence on the merits in behalf of his client, creates a condition which amounts to a waiver of the right, and therefore in no sense conflicts with the privilege conferred by the statute.

Appeal from Superior Court, Spokane County.—Hon. Leander H. Prather, Judge.    Affirmed.

*Nash & Nash* (*James Dawson,* of counsel), for appellants:

Respondent sues all the appellants on the attachment bond, and appellant Bender, for wrongfully and maliciously suing out the attachment—commingling two causes

of action in one complaint and improperly joining actions *ex contractu* and *ex delicto*. *Willey v. Nichols*, 18 Wash. 528; *Hoye v. Raymond*, 25 Kan. 666; *Hart v. Metropolitan El. Ry. Co.*, 7 N. Y. Supp. 753; *Clinton v. Nelson*, 2 Utah, 284; *Ghiradelli v. Bourland*, 32 Cal. 585. These authorities all deal with actions where recovery was sought on bonds and for torts, and are selected with a view of presenting to the court from the great number of general authorities on the question cases that are directly in point.

*Crow & Williams*, for respondent:

The complaint will show that the action is in contract and not in tort. The only damages claimed are compensatory, or actual, damages, based upon the actual losses of respondent. There is no uncertainty as to any of these damages. They are not exemplary or punitive, but are of such a character as to be covered by the terms of the bond. *Saunders v. United States Marble Co.*, 25 Wash. 479; *Schilling v. Black*, 31 Pac. 143; *Jones v. Steamship Cortes*, 17 Cal. 495; *Pfister v. Dascey*, 4 Pac. 393; *Brewer v. Temple*, 15 How. Pr. 286; *Robinson v. Flint*, 16 How. Pr. 240.

The opinion of the court was delivered by

MOUNT, J.—This is an action upon an attachment bond. Upon a jury trial in the court below, the plaintiff recovered the full amount of the bond. Defendants appeal.

The errors alleged are that the court overruled a demurrer to the complaint, based upon the ground that the complaint joined an action in tort with one in contract; that the evidence showed that the defendants had probable cause to believe the ground upon which the attachment

issued; that the court permitted plaintiff's attorney to attack in his argument to the jury the defense based on the advice of counsel in suing out the writ of attachment; that the court refused to permit one of defendants' counsel to argue the case to the jury; and that the court permitted plaintiff's attorney to read certain notes to the jury. The complaint alleges, in substance, the commencement of the action in which the writ of attachment was sued out, the giving of the bond in the sum of $800, the issuance of the writ of attachment, and the levy of the writ upon plaintiff's property, of the value of $850; that the property was taken from the possession of the plaintiff and sold, and was never returned to the plaintiff; that thereafter the writ was dissolved, and subsequently, upon a trial of the main action, a verdict and judgment were rendered in favor of the defendant therein, plaintiff in this action; "that said writ of attachment was oppressively, wrongfully, and maliciously sued out, and there was no reasonable cause to believe the grounds, or any of the grounds, upon which said writ of attachment was issued to be true, and said writ was so sued out by the defendant A. J. Bender maliciously, for the purpose and with the intention of injuring and destroying this plaintiff's said business, and depriving him of his property." The complaint then alleges that plaintiff was compelled to employ the services of attorneys to dissolve the attachment; that the reasonable value of said services was $200; that he lost fifteen days' time, of the value of $75; and that $225 is a reasonable attorney's fee in this action. The prayer of the complaint was for $1,350, being the amount of the damages, as stated above.

The complaint does not purport upon its face to state more than one cause of action. That cause is upon the contract to indemnify the plaintiff for "the damages he may sustain . . . should said attachment be wrongfully, oppressively, or maliciously sued out." It is true

the complaint asked for damages for the value of the goods, for expenses incurred in dissolving the attachment, for loss of time, and for attorneys' fees in this action. But these are damages flowing from one cause. They are damages arising out of the attachment for which the bond was given to protect the plaintiff. There is no misjoinder in the complaint of causes of action *ex contractu* with causes *ex delicto*. The demurrer was properly denied.

It is next argued that appellants' motion for a judgment should have been granted because appellant Bender had reasonable and probable cause to believe the grounds upon which the attachment issued. One of appellants' attorneys testified substantially that Bender stated the facts to him, and produced certain other witnesses, who were examined by the attorney, and that he thereupon advised the attachment. It is argued that, because of this advice, probable cause for the attachment will be presumed. It was said by this court in *Levy v. Fleischner, Mayer & Co.*, 12 Wash. 15 (40 Pac. 384):

"  .  .  .  it is the well established law that probable cause is a question of law, in this far, at least, that probable cause will be presumed when the action has been commenced by the advice of attorneys to whom has been submitted all the facts in the case."

That was a case where there was no controversy as to the question whether the action was brought by the advice of counsel familiar with all the facts. In this case the question was not disputed that one of the attorneys advised the attachment, but it was disputed that all the facts in the case had been submitted to him, and it was claimed by respondent that the evidence of appellant Bender shows that he had stated to his attorney as facts things which he knew were untrue, and had no reason to believe. Where the attorney is falsely informed as to the facts, and is not put in possession of all of the facts, the advice of the

attorney is not conclusive. The question of probable cause must then be left to the jury. In *Levy v. Fleischner, Mayer & Co.*, this court quoted approvingly from *Burton v. St. Paul, etc., Ry. Co.*, 33 Minn. 189 (22 N. W. 300), as follows:

"What facts, and whether particular facts, constitute probable cause is a question exclusively for the court. What facts exist in a particular case, where there is a dispute in reference to them, is a question exclusively for the jury. When the facts are in controversy, the subject of probable cause should be submitted to the jury, either for specific findings of the facts, or with instructions from the court as to what facts will constitute probable cause. 'These rules,' says the court, 'involve an apparent anomaly, and yet few, if any, rules of the common law rest upon a greater unanimity or strength of authority;' citing many authorities."

The trial court in this case fully and fairly instructed the jury, in substance, that if they found that appellant Bender in good faith related to his attorney all the facts in the case, and that the attorney in good faith investigated the facts, and thereupon advised the attachment, respondent could not recover. But, if they found that Bender did not truthfully state the facts to his attorney, and made statements which were false, and upon such statements the advice was given, such advice would not constitute a defense to the action. These instructions were proper, and the finding of the jury upon the facts is conclusive now.

From what we have said above, it is unnecessary to notice the next assignment of error.

It is next claimed as error that the court refused to permit L. B. Nash, one of appellants' counsel, to argue the case to the jury. Appellants had two attorneys present at the trial, viz., J. R. Dawson and Mr. Nash. Mr.

Nash was a witness in the case. A rule of the superior court provides:

"If an attorney offers himself as a witness on behalf of his client and gives evidence on the merits, he shall not argue the case to the jury unless by permission of the court."

It is argued that this rule is in conflict with subdivision 5 of § 4993, Bal. Code, which provides as follows:

" . . . the plaintiff or party having the burden of proof may, by himself or one counsel, address the court and jury upon the law and facts of the case, after which the adverse party may address the court and jury in like manner by himself and one counsel, or by two counsel, and be followed by the party or counsel of the party first addressing the court."

Under this statute, either party may waive his right to make an argument upon the facts to the jury. The rule above quoted provides for a condition which is a waiver of the right, and which right may not thereafter be exercised, except by permission of the court. The attorney, when he offered himself as a witness, thereby waived his right to argument. The rule is not in conflict with the statute, and is a salutary one, because, where attorneys make witnesses of themselves, and then argue their evidence to the jury, it is often difficult for the jury to draw the line between the evidence and the argument of the attorney. The court in this case did not err in refusing permission to the attorney to argue the case.

Upon the last question, the record fails to show that plaintiff's counsel read any notes or evidence to the jury. For that reason, we shall not consider the question.

There is no error in the record. The judgment appealed from is therefore affirmed.

FULLERTON, C. J., and DUNBAR and ANDERS, JJ., concur.