[No. 6487. Decided March 9, 1907.]

JAMES A. McGILL, *Respondent,* v. W. P. FULLER & COMPANY, *Appellant.*[1]

EVIDENCE—BEST AND SECONDARY—FOUNDATION. Secondary evidence of the contents of a letter, admitted in evidence in a former action, is properly excluded where the only foundation laid therefor consisted in an examination of the files in that action.

ATTACHMENT—WRONGFUL ATTACHMENT — DAMAGES — PROSPECTIVE PROFITS. In an action for the wrongful attachment of the assets of a partnership in a paper hanging business, damages for prospective profits cannot be recovered, where, prior to the attachment, the business had been disrupted by the absconding of one of the partners, and the stock in trade, which was wholly unpaid for, was turned back to the creditors, the plaintiff making no claim thereto.

SAME. In an action for wrongful attachment, the measure of damages for the wrongful taking of tools being the reasonable value of their use during the period of detention, it is error to receive evidence of what the plaintiff might have earned with them in his trade.

SAME—EVIDENCE OF WRONGFULNESS—JUDGMENT—CONCLUSIVENESS. In an action for wrongful attachment, final judgment for the defendant in the attachment suit is conclusive evidence that the attachment was wrongful.

SAME—GROUNDS OF LIABILITY—REASONABLE CAUSE. The wrongfulness of an attachment· does not entitle the defendant therein to recover, but there must be proof that the same was sued out without reasonable cause to believe the grounds alleged.

SAME—DAMAGES. Exemplary damages are not recoverable in a common law action for the wrongful suing out of an attachment, the statute authorizing them only in actions on the attachment bond.

SAME. In an action for a wrongful attachment damages for injury to reputation, pride or feelings are not recoverable.

[1] Reported in 88 Pac. 1038.

Same—Costs—Attorney's Fees. In a common law action for the wrongful suing out of an attachment, an allowance of $75 as an attorney's fee is error, only the statutory fee being recoverable.

Same—Use of Premises. In an action for wrongful attachment of a stock in trade, damages for the cost of fitting up the storeroom are not recoverable, but the reasonable value of the use of the room during the period of detention may be recovered.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 29, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for wrongfully suing out a writ of attachment. Reversed.

*Gray & Stern* (*James A. Snoddy*, of counsel), for appellant.

*Merrick & Mills* and *S. D. Wingate*, for respondent.

Rudkin, J.—This was an action to recover damages for suing out a writ of attachment wrongfully, maliciously, and without reasonable cause to believe the grounds upon which the same was issued to be true. The items of damage claimed were as follows: For permanent improvements made by the plaintiff in fixing up the storeroom in which he was conducting his business at the time of the levy of the writ, $100; for detention of tools levied upon under the writ, $100; for expenses incurred in defending the attachment suit, $50; for destruction of business, $500; and for loss of profits, $500. The jury returned a verdict in favor of the plaintiff for the sum of $740, but upon motion the court ordered a new trial unless the plaintiff would remit the sum of $340 from the verdict. The plaintiff elected to remit that amount, and a judgment was entered on the verdict for $400, and for costs of suit, including $75 as attorney's fees. From this judgment the defendant appeals.

It is first assigned as error that the court excluded secondary evidence of the contents of a certain letter which had been received in evidence on the trial of the attachment suit.

The only foundation laid for the admission of such evidence was an examination of the files in that action. This showing was wholly inadequate, and there was no error in the court's ruling. It is next assigned as error that the court admitted evidence tending to show prospective profits in the business in which the respondent was engaged at the time of the levy under the writ, and instructed the jury that the respondent was entitled to recover such profits, if any. In actions of this kind no doubt a recovery may be had for loss of ascertainable profits arising out of an established business, but this case does not fall within that rule. It appears that the respondent and one Vopal formed a copartnership about the 1st of November, 1904, and rented a storeroom in which they sold pictures and picture frames, and carried on the business of painting, kalsomining, paper hanging, sign painting, etc. The latter part of the same month, Vopal absconded, after collecting the firm accounts as far as he was able. At that time the stock in trade was of the value of about $300, almost wholly unpaid for. After Vopal absconded the respondent notified the creditors of that fact, and asked what disposition should be made of the goods which they had shipped to the firm, the respondent laying no claim thereto. Soon after the attachment was levied, the different creditors reclaimed the goods they had theretofore shipped to the firm, leaving nothing in the store except a few odds and ends in wall paper, a small quantity of paint, and some tools. It is idle to claim that profits are ascertainable in a business disrupted and disorganized as this was. 8 Am. & Eng. Ency. Law (2d ed.), pp. 26, 27.

The court further admitted testimony, over objection, tending to show what the respondent might have earned in his trade by the use of the tools detained from him under the writ. This was error. The measure of damages for the wrongful taking or detention of personal property is the reasonable value of the use of the property during the period of detention, and damages for injury to the property, if any.

The court instructed the jury that the judgment for the defendant in the attachment suit was conclusive evidence that the attachment was wrongful, and this is assigned as error. This instruction was correct. The final judgment for the defendant in the attachment suit was conclusive evidence that there was no indebtedness, and without an indebtedness there could be no rightful attachment. Of course, the fact that the attachment was wrongful would not of itself entitle the respondent to recover. He must go further and show that the appellant had no reasonable cause to believe the grounds upon which the attachment issued to be true, and the court so charged the jury.

The court further instructed the jury as follows:

"If you find that the attachment was issued maliciously, then there are other elements of damages which would be allowed, which it would be your duty to award to the plaintiff, which are known, in the law, as exemplary damages. If you find that the attachment was issued wrongfully, and that there was no reasonable cause for its being issued, and that it was also issued maliciously—sued out maliciously by the defendant in this case, then he is entitled to recover exemplary damages—that is, damages by way of compensation for any injury to his reputation, pride or feelings—whatever you may find will compensate him for those items."

This instruction was erroneous. In *Spokane Truck & Dray Co. v. Hoefer*, 2 Wash. 45, 25 Pac. 1072, 26 Am. St. 842, 11 L. R. A. 689, and numerous later cases, this court held that exemplary, punitive, or vindictive damages are not recoverable in this state, unless authorized by statute. Bal. Code, § 5857 (P. C. § 5608), authorizes exemplary damages in actions on attachment bonds, if it be shown that the attachment was sued out maliciously, but this action was not on the attachment bond. Respondent waived his remedy on the attachment bond and brought a common law action for the wrongful suing out of the writ. By so doing he waived any special rights he might have in an action on the bond, and the amount of his recovery is measured by the same rules as obtain in any other common law action.

The respondent contends, however, that while the court mentioned exemplary damages in its charge, yet, in defining exemplary damages it limited the respondent's recovery to actual damages. It is true, compensation by way of damages for injury to reputation, pride or feelings is not, strictly speaking, exemplary damages, but this does not aid the respondent. These are not proper elements of damages at all in cases of this kind, even though exemplary damages are recoverable. Thus in *Seattle Crockery Co. v. Haley*, 6 Wash. 302, 33 Pac. 650, 36 Am. St. 156, this court held that damages for injury to one's credit are not recoverable, even in an action on an attachment bond, where exemplary damages are allowable, and, if damages for injury to credit are not recoverable, neither are damages for injury to reputation. As a general rule there can be no recovery for injury to pride or feelings in actions for torts against property. The reason assigned is that mental distress is not in general a natural or probable consequence of torts of that kind. *McClure v. Campbell*, 42 Wash. 252, 84 Pac. 825. This case forms no exception to that general rule. The ruling of the court in allowing the respondent $75 as attorney's fees in the pending action is also assigned as error. The respondent elected to prosecute a common law action for the tort committed against his property, and can only recover his statutory cost. Attorney's fees are not recoverable for the same reason that exemplary damages are excluded. The court properly submitted to the jury the question whether the appellant had reasonable cause to believe that the grounds upon which the attachment issued were true.

Numerous other errors are assigned, but we do not deem it necessary to discuss them, as the rulings, if erroneous, will not occur on a retrial. In view of such retrial, however, we will state: (1) That the respondent is not entitled to recover the cost of fitting up the storeroom as such. If the respondent was deprived of the use and occupation of the storeroom by reason of the attachment, he is entitled to recover the rea-

sonable value of such use during the period of detention under proper allegations, but nothing beyond this. (2) He is likewise entitled to recover the reasonable value of the use of the tools while detained, not what he might earn by such use. (3) This court has repeatedly held that attorney's fees are not recoverable in actions on injunction bonds, unless incurred in procuring a dissolution of the injunction, and that if the injunction stands until final judgment no attorney's fees are recoverable. *Donahue v. Johnson*, 9 Wash. 187, 37 Pac. 322. The same rule is substantially announced in *Seattle Crockery Co. v. Haley*, *supra*, an action on an attachment bond. Inasmuch as no attorney's fees were paid or costs incurred in procuring a dissolution of the attachment, no such fees or costs are recoverable in this action. (4) Damages for destruction of the business and for loss of profits in this particular case fall under the same head, and for reasons already stated are not recoverable. Of course, if any of the respondent's property was lost, destroyed, or injured, a recovery could be had for such loss or injury, but no such claim is made in the complaint.

For the reasons hereinbefore stated, the judgment is reversed and a new trial ordered.

HADLEY, C. J., FULLERTON, ROOT, MOUNT, CROW, and DUNBAR, JJ., concur.