[No. 17365.  Department Two.  November 24, 1922.]

## S. G. Hogue, *Respondent*, v. A. McAllister, *Appellant*.[1]

Appeal (94)—Right to Appeal—Compliance With Judgment—Payment. The right of appeal from an order refusing to discharge an attachment is not lost to defendant by his payment of the judgment rendered against him on the merits and for the amount of the attachment costs.

Attachment (3, 39-1)—Fraudulent Transfer—Quashing—Evidence of Fraud—Sufficiency. It is error to refuse to discharge an attachment issued on the ground that defendant was about to convert his property into money to defraud creditors, where, by the weight of the proof, it appeared that defendant was offering for sale only a small part of his surplus live stock according to his annual custom, with intent to apply the proceeds on his indebtedness, and he had other property and a large credit at the bank in a sum greatly in excess of plaintiff's claim.

Appeal (486) — Decision —Matters Which Will Not be Determined. Upon reversing an order refusing to quash an attachment, the court cannot give judgment for the attachment costs paid by appellant, but the same will be without prejudice to an action to recover the same.

Appeal from an order of the superior court for Snohomish county, Alston, J., entered March 18, 1922, denying a motion to discharge an attachment, after a hearing upon affidavits.  Reversed.

*Weter & Roberts* and *Wm. G. Long,* for appellant.

*E. C. Dailey* and *A. E. Dailey,* for respondent.

Hovey, J.—Respondent sued appellant on a claim for $800, and at the time of commencing the action attached

[1]Reported in 210 Pac. 671.

personal property belonging to defendant, the affidavit for attachment reciting:

"That the said defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors."

Defendant moved for a discharge of the writ, and the matter being heard upon affidavits, the motion was denied. Subsequently the case was tried on its merits and respondent recovered judgment on the claim for $500 and costs. Appellant immediately paid the amount of the judgment, together with $319.72 attachment costs, and thereafter appealed, the only question presented by the appeal being the action of the trial court in refusing to vacate the writ of attachment.

Respondent moves to dismiss the appeal on the ground that the controversy has ceased, and cites the following cases: *Traves v. McLees,* 32 Wash. 258, 73 Pac. 371; *State ex rel. Taylor v. Cummings,* 27 Wash. 316, 67 Pac. 565; *Hice v. Orr,* 16 Wash. 163, 47 Pac. 424; *State ex rel. Daniels v. Prosser,* 16 Wash. 608, 48 Pac. 262. We do not consider these cases in point.

The statute provides for an appeal from an order refusing to discharge a writ of attachment. The evidence shows that the property seized consisted of a large amount of live stock and machinery kept by appellant upon the farm which he was renting from respondent and valued at several thousand dollars. Appellant concluded that he was bound by the verdict of the jury as to his liability for the claim, and as the only order which he still wished to contest was that sustaining the writ of attachment, he was confronted with the necessity of either paying the judgment or superseding it, unless he chose to have the property sold which was held subject to the writ of attachment.

"As a general rule, . . . one against whom a judgment or decree for a sum of money has been

rendered does not, by voluntarily paying or satisfying it, waive or lose his right to review it upon a writ of error or appeal unless such payment or satisfaction was by way of compromise or with an agreement not to pursue an appeal or writ of error. This rule has been placed upon the ground that one against whom a judgment is entered, if he fails to satisfy it, must expect to see his property seized and sold at a sacrifice, and it is difficult to conceive how his payment of the judgment can give rise to any estoppel against seeking to avoid it for error. The better view accordingly is, that though the execution has not issued the payment of a judgment must be regarded as compulsory, and therefore as not releasing errors, nor depriving the payor of the right to appeal.'' 2 R. C. L. 64.

See, also, note 29 L. R. A. (N. S.) 22.

A similar case is *Farmers' & Merchants' State Bank of Hecla v. Michael,* 36 S. D. 172, 153 N. W. 1008, in which it was held that appellant did not lose his right to review the order of the court in the attachment proceedings by paying the judgment in the action. We conclude that the right of appeal still exists.

Upon the merits we are unable to adopt the view of the trial court. The issues are presented upon affidavits, and the evidence in support of the ground alleged by respondent in his affidavit is to the effect that appellant had denied any indebtedness; that he was about to hold a public sale and was going to turn the proceeds of the sale over to the Redmond State Bank; it was further alleged that defendant had had other litigation, and that previously in that year he had stated that the following year he intended to go to the state of Oregon.

The affidavit of appellant is to the effect that the sale proposed was in accordance with his practice of cleaning up surplus live stock each year by means of public sale; that the property offered was only a small

part of the property belonging to him and that he possessed other real and personal property within the state of several thousand dollars in value; that the proceeds of the sale were to be turned over to the Redmond State Bank because he was indebted to that bank, and that he had no intention to evade payment of any claim which the respondent might establish against him. He denied that he had expressed any intention of going to Oregon, but alleged that the respondent had suggested renting a farm to him in that state. The cashier of the bank swore that appellant had credit at the bank up to its loan limit of $4,000, without security, and that the attached property was worth $7,000.

Attachment is a drastic remedy, and particularly when personal property is seized it would cause considerable injury and should not be permitted without reasonable cause therefor. We hold that no sufficient showing was made in this case to overcome the showing made by appellant in his application for discharge, and that the order of the trial court in refusing to vacate the writ is wrong, and it will therefore be reversed.

Appellant asks judgment in this court for the recovery of the sum paid by him as attachment costs. We are not in a position to pass upon this item at this time, but our judgment is without prejudice to the recovery by appellant of any damages which he may have suffered by reason thereof.

Parker, C. J., Main, and Tolman, JJ., concur.