[No. 18831. Department Two. April 7, 1925.]

## A. McALLISTER, *Respondent*, v. S. G. HOGUE *et al.*, *Appellants*.[1]

DAMAGES (62)—MEASURE OF DAMAGES—INJURY TO PERSONAL PROPERTY—EVIDENCE. Upon an issue as to the depreciation in the value of an automobile, while held under a wrongful attachment, testimony amounting to a comparison of its value after and before seizure is proper.

ATTACHMENT (60)—WRONGFUL ATTACHMENT—DAMAGES—DUTY TO MITIGATE—EVIDENCE. In an action for wrongful attachment of personal property, which plaintiff had previously advertised for sale at private sale, evidence that the sheriff had expressed a willingness to allow the private sale to take place, the proceeds to be turned over to him, is not admissible for the purpose of mitigating the damages.

SAME (58)—WRONGFUL ATTACHMENT—WANT OF REASONABLE CAUSE—EVIDENCE—ADMISSIBILITY. In an action for wrongful attachment of personal property, sued out on the ground that the plaintiff was about to dispose of his property, plaintiff is entitled to prove that he had several parcels of real estate and a banking credit, in view of Rem. Comp. Stat., § 654, requiring plaintiff to show that there was no reasonable cause to believe the truth of the ground upon which the writ was issued.

SAME (58)—WRONGFUL ATTACHMENT—PROBABLE CAUSE—PROVINCE OF COURT AND JURY. In an action for wrongful attachment, the existence of reasonable grounds for issuance of the writ is for the

[1]Reported in 234 Pac. 657.

jury where the facts are in dispute; and upon the facts found, it is for the court to determine whether probable cause existed.

SAME (58)—PROBABLE CAUSE—EVIDENCE — SUFFICIENCY. There was, as a matter of law, no probable cause for the issuance of a writ of attachment on the ground that a debtor was about to dispose of his property for the purpose of putting it beyond the reach of creditors, where the creditor did not rely on the advice of an attorney or consult one as to reasonable cause for the writ, or exercise any diligence to ascertain the facts on which it could rest.

APPEAL (385)—REVIEW—RIGHT TO ALLEGE ERROR. In an action upon an attachment bond for wrongful levy of the writ, defendants cannot complain of an instruction to the effect that the defendant creditor could recover on the sheriff's bond if the levy was the fault of the sheriff, where such defendants' counsel objected to evidence as to the damages therefor, and stated that, if any tort was committed by the officers, they had the sheriff's bond for that.

Appeal from a judgment of the superior court for King county, Blake, J., entered April 15, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action on an attachment bond. Affirmed.

*Farrell, Meier & Hess,* for appellants.
*Weter & Roberts,* for respondent.

MITCHELL, J.—This is an action on an attachment bond. A. McAllister, as a tenant, occupied a farm in Snohomish county belonging to S. G. Hogue. Near the close of the tenancy, the landlord brought an action in the superior court of that county against the tenant to recover rent alleged to be due and unpaid in the sum of $800, and at the commencement of the action sued out a writ of attachment on the ground that McAllister was about to convert his property or a portion of it into money for the purpose of placing it beyond the reach of his creditors. The writ was levied on live stock and other personal property of the approximate value of $7,000 belonging to McAllister, situated on the farm. The sheriff continued in possession of it for thirty days. A few days after the

attachment was levied, McAllister appeared in the cause and moved to quash the writ, which the trial court refused to do. McAllister immediately appealed and this court reversed the order of the trial court and decided that the attachment was wrongfully sued out and levied. *Hogue v. McAllister*, 122 Wash. 347, 210 Pac. 671. In the meantime the landlord's action went to trial and resulted in a judgment in the sum of $500 and costs, which was promptly paid by McAllister, who then brought this action against Hogue and his surety on the attachment bond to recover damages for the wrongful levy of the writ. From a judgment on the verdict in favor of the plaintiff, the defendants Hogue and Ulsted have appealed.

It is complained that there was error in allowing the respondent to testify, over objection, as to the depreciation in value of an automobile seized by the sheriff. The argument is that it is not the proper measure of damages. But the objection made was not on that ground. The testimony was proper, as it amounted to a comparison of its values after and before the seizure, it having been shown that, while the sheriff had it in his possession, it was both used and abused.

At the time the writ of attachment was levied, the respondent already had outstanding for several days notices of a public sale intended to be made by him of considerable of the property attached. The sale was advertised to be held a few days later than the date on which the attachment was made. As to such sale it appears that the respondent was a dealer in stock and cattle and frequently held such sales, two of which had already been had by him prior to the date of the attachment while he was occupying the Hogue farm. At the trial of this case, the appellants offered to show that, after the attachment was levied, the respondent

was told that the sheriff and the appellants were willing for him to hold his sale as advertised, the proceeds to be turned over to the sheriff. The refusal of the court to admit such testimony is assigned as error. We think the testimony offered was properly refused. The respondent was under no obligation for the purpose of mitigating damages, or any other reason to the benefit of the appellants, to proceed with what had been advertised to be a voluntary sale of property, now that it was under the cloud of an attachment.

Respondent, over objections, was allowed to testify that he owned the title of record to several parcels of land shown to be of the value of $1,300, a part of which was situated in that county and a part in King county, and that he had banking credit. This is assigned as error. The statute, § 654, Rem. Comp. Stat. [P. C. § 7386], says:

"In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, *and* that there was no reasonable cause to believe the ground upon which the same was issued to be true, etc."

In the case of *Seattle Crockery Co. v. Haley,* 6 Wash. 302, 33 Pac. 650, 36 Am. St. 156, which was a suit on the bond after an attachment was discharged as having been improperly issued, the defendants contended that the correct course for the plaintiff was to begin with the assumption that the attachment was wrongful and then to proceed to show that the attaching creditor did not have information worthy of credit of facts justifying a belief in the existence of the grounds alleged in their affidavit, that is, that reasonable cause meant a state of mind produced in the attaching party by information which he believes to be true. Answering that contention, this court said:

"But the plain reading of the statute is not that way. It does not depend upon the state of mind of anybody, but upon the true facts of the case. It is for the plaintiff in any such case, if there has been no previous adjudication, to lay before the jury the facts concerning his affairs sufficiently to show that as they were known, or might have been known by reasonable inquiry, there were no fraudulent transactions on his part, and none upon which the ordinary business man would naturally look with suspicion, . . . "

The statute imposes a heavy burden on the plaintiff—the proof of a negative, viz., want of reasonable cause, and we think the testimony objected to was properly admitted.

The instruction to the jury on reasonable cause is objected to by the appellants on two grounds, viz., first because the question of whether the appellant Hogue had reasonable cause or not for suing out the attachment was a question of law for the court and not a question of fact for the jury; and second, because it charges appellant Hogue with a knowledge of all the facts, when the utmost that can be required of him is a reasonable diligence to learn the facts. The instruction need not be set out. So far as the respondent's case is concerned, the record shows that he made out a case of no probable cause, while the pleadings admitted that this court had already decided that the attachment was wrong. As to the appellants' case, they are in no position to complain of the court's instruction. Upon the subject of where the responsibility rests for determining reasonable cause, this court, in the case of *Finigan v. Sullivan,* 65 Wash. 625, 118 Pac. 888, said:

"The best statement of the law that we have been able to find is in 1 Cooley on Torts (3d ed.), p. 321."

And then that author is quoted as follows:

" 'If the facts are not in dispute the question is for the court. Upon disputed facts the jury must be left to pass, but the court must determine on the facts found whether or not probable cause existed. As to what facts are sufficient to show probable cause is a question of law for the court, and whether such facts are proved by the evidence is a question for the jury.' "

In the present case there is neither pleading nor proof that the appellant Hogue, in suing out the attachment, relied on the advice of an attorney, or ever talked with one of the facts in the case relative to reasonable cause for the ground on which the writ of attachment was issued; nor is there anything in the record on behalf of the appellants on that subject, other than in answer to a question by their attorney (not those who represent him on this appeal) the appellant Hogue testified: "Before the attachment was levied I had a talk with Mr. McAllister as to where he was going from my place. I think he said he was going to Oregon, but I am not sure." There is no testimony of the exercise of any diligence on his part to ascertain the facts upon which reasonable cause might rest. Now assuming, as we do for present purposes, that his testimony was not contradicted, and applying the rule of law applicable, we think it must be held, as a matter of law, that there was no reasonable cause shown sufficient to deprive the respondent of the dominion and possession of his property by the harsh and vexatious remedy of attachment.

The court instructed the jury in effect that, if the levy of the attachment was the fault of the sheriff, the defendant Hogue may recover against the sheriff's bond for anything he may be compelled to pay. The giving of this instruction is assigned as error. It appears, however, that the instruction became necessary, at least without error that the appellants can complain

of, because in the trial of the case, while a witness on behalf of the respondent was being examined as to the damages plaintiff claimed to have suffered, counsel for the appellants objected, saying, "I object to that as incompetent, irrelevant and immaterial. If the officers were guilty of any tort they had a bond up for that purpose." Thereupon the court asked counsel if his clients were not liable for depreciation of the market value of the property, saying: "The sheriff is your agent, is he not?" To which counsel for the appellants replied: "This is not the question here. The question here is whether he committed some tort or not. I do not think we are liable for that. I think the sheriff has a bond up for that." As stated, the appellants cannot successfully complain of the instruction.

The motion for a new trial was properly denied.

Judgment affirmed.

HOLCOMB, MAIN, FULLERTON, and MACKINTOSH, JJ., concur.