[No. 23889. Department Two. November 28, 1932.]

GARFIELD TAYLOR, *Appellant*, v. CARL E. WILBUR *et al.*, *Respondents.*[1]

[1]Reported in 16 P. (2d) 457.

*F. L. Morgan,* for appellant.
*Williamson, Freeman & Broenkow,* for respondents.

MAIN, J.—This action is based upon two bonds, one an attachment bond and the other given in the garnishment proceeding. When the case came on for trial before the court without a jury, the plaintiff's counsel made an opening statement, which was followed by an opening statement by the counsel for the defendants which concluded with a motion

"For dismissal of the actions on counsel's statement, and on the further ground there is a misjoinder of parties and a misjoinder of causes of action, and on the further ground that the complaint does not state facts sufficient to constitute a cause of action."

Thereafter, a colloquy took place between the court and the counsel for the respective parties, during which the court indicated that the motion would be sustained. A judgment was entered dismissing the action on the ground that the complaint did not state "facts sufficient to constitute a cause of action and counsel's opening statement." From this judgment, the plaintiff appeals.

The facts essential to be stated are these: Sometime during the year 1926, the respondent Carl E. Wilbur brought an action in Mason county against the appellant, Garfield Taylor, and his brother, B. H. Taylor, and wife, upon a promissory note for one thousand dollars and interest, attorney's fees and costs. Upon the institution of the suit, and on August 16, 1926, Wilbur caused an attachment to issue, and approximately $1,100 in the possession of the clerk of the court was impounded. The respondent American

Surety Company was surety upon the attachment bond. Subsequently, and on September 9, 1926, Wilbur caused a writ of garnishment to be issued in the same case and served upon one Andrew N. Jensen, who was then indebted to appellant in the sum of $289.10. The respondent United States Fidelity & Guaranty Company was surety on the garnishment bond.

Thereafter, the action came on for trial before the superior court and a jury, and at the conclusion of all of the evidence in the case, and upon Wilbur's motion, the court directed the jury to return a verdict for the plaintiff for the full amount sued for. Thereafter, Taylor, the appellant in this action, appealed from the judgment (*Wilbur v. Taylor,* 154 Wash. 282, 282 Pac. 65), and the same was reversed and the cause was remanded for a new trial. Upon the re-trial a verdict was returned in favor of Wilbur in the sum of one dollar.

The present action was brought by Garfield Taylor, the appellant, to recover, upon the attachment and garnishment bonds, the interest on the funds attached in the possession of the clerk, attorney's fees, costs and the funds owing to the appellant by Andrew N. Jensen, together with interest thereon. Subsequent to the issue of the garnishment and the final disposition of the matter in the superior court, Jensen had become insolvent, and the money which he was owing to the Taylors was thereby lost to them.

The first question is whether the fact that the superior court directed a judgment in favor of Wilbur in the first action, and this court, in reversing the judgment, stated that the question was a perplexing one, shows, as a matter of law, that, at the time the attachment was issued, there was reasonable cause to believe that the ground upon which it was issued was true.

Rem. Comp. Stat., § 654, provides that, in an action on an attachment bond, the plaintiff may recover if he shows that the attachment

". . . was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained and reasonable attorney's fees to be fixed by the court; . . ."

In support of their claim that there was reasonable ground for the issuing of the attachment, the respondents invoke the rule stated in *Levy v. Fleischner, Mayer & Co.,* 12 Wash. 15, 40 Pac. 384, to the effect

". . . that probable cause is a question of law, in this far, at least, that probable cause will be presumed when the action has been commenced by the advice of attorneys to whom has been submitted all the facts in the case."

That rule, however, will not avail the respondents in this case, because, as stated, the judgment of the superior court in the original action was reversed by this court. The fact that, in the opinion, it was stated that the question was a perplexing one, is of no controlling importance.

In *McAllister v. Hogue,* 133 Wash. 664, 234 Pac. 657, the action was upon an attachment bond where, upon a previous appeal (*Hogue v. McAllister,* 122 Wash. 347, 210 Pac. 671), the trial court had refused to discharge the writ, and this court reversed the holding. It was said:

"So far as the respondent's [plaintiff's] case is concerned, the record shows that he made out a case of no probable cause, while [where] the pleadings admitted that this court had already decided that the attachment was wrong."

From that holding, it follows that the fact that the superior court, in the case now before us, granted a

motion for judgment at the conclusion of all the evidence in the original case, which, if it had not been reversed, would have sustained both the attachment and the garnishment, does not show, as a matter of law, probable cause for the issuing of the attachment.

■ As to the garnishment bond, there is no provision in the statute (Rem. Comp. Stat. § 681) that liability shall depend upon lack of probable cause. In the section mentioned, it is provided that a bond given in a garnishment proceeding shall be

". . . conditioned that he [plaintiff] will prosecute his suit and pay all damages and costs that may be adjudged against him for wrongfully suing out such garnishment."

■ The next question is the items of damage that may be recovered when either an attachment or garnishment is wrongfully sued out. It will be observed, from the statutes already quoted, that the elements of damage under the bonds given in accordance with the respective statutes are substantially the same. In the case of *James v. Cannell,* 135 Wash. 80, 237 Pac. 8, where the question of the damages that could be recovered, when a garnishment was wrongfully sued out, upon the bond given in that proceeding, was fully considered, it was said:

"It is the general rule in cases of this character that the recoverable damages are only those which naturally flow from the result of the garnishment, and that unusual and speculative damages are not recoverable. It seems to us that the item of the appellant's time expended in adjusting her finances to meet the situation would be entirely too speculative to justify recovery therefor. Generally speaking, the damage resulting from the tying up by garnishment of funds is the loss of interest on the funds during that period. There may, of course, under special circumstances, be additional damage, such as the actual loss of the

money, or, possibly, loss of profits which would have been made had the money not been garnished. Under the circumstances shown here, the only element of damage which may be considered as having naturally flowed from the wrongful garnishment is the loss of interest (which would be but an insignificant sum), and possibly the money expended in procuring the release of the garnishment.''

There is a definite holding that interest may be recovered, and, if interest may be recovered, it would seem to follow that, where the fund was lost through the insolvency of the garnishee, while it was impounded, that could also be recovered, as being within the rule stated, as damages which naturally flowed from the result of the garnishment. In that case, also, it was held that, for wrongfully suing out a garnishment conditioned as provided in § 681, to pay all damages and costs, the plaintiff was entitled to recover as damages the reasonable amount of attorney's fees paid for procuring the release of the garnishment. If the plaintiff is entitled to an attorney's fee for procuring the release of the garnishment, it would seem that the same item could be recovered when subsequently an action was brought upon the bond after it had been found that the garnishment had been wrongfully sued out.

In *McFarland v. Ratcliffe,* 167 Wash. 673, 9 P. (2d) 1090, it was held that an attorney's fee was a proper item of damage when the action was upon the attachment bond after there had been a trial upon the merits.

From the statutes above referred to and the cases cited, the appellant in the present case was entitled to recover costs, attorney's fees, interest on the funds attached in the possession of the clerk, the amount of loss sustained by the insolvency of Jensen, the garnishee, and the interest thereon.

It is said, however, that the judgment of dismissal was proper because the complaint fails to state a cause of action, in that it did not allege that the damages sought to be recovered had not been paid. It is true that the complaint contains no such specific allegation; but, when all the facts alleged therein are taken into consideration, that was a necessary inference. In addition to this, the defense of the respondents is predicated upon the assumption that no damages had been paid. In this respect, this case is very like that of the *Wild Rose Orchard Co. v. Critzer,* 79 Wash. 462, 140 Pac. 561, except that there, there had been no demurrer to the complaint, while here there was such. It was there said:

"Even now there is no claim that any damages had been paid or any payment tendered. It would be a clear sacrifice of substance to form to reverse the judgment because a thing, which the nature of the only defense pleaded tacitly admits, was not formally alleged and proved."

It would have been better pleading, of course, to have specifically alleged that the damages for which recovery was sought had not been paid. But in view of the facts as alleged in the complaint, as already indicated, the defect was not fatal.

The judgment will be reversed, and the cause remanded for further proceedings.

TOLMAN, C. J., BEALS, STEINERT, and HERMAN, JJ., concur.