[No. 24688. Department One. April 30, 1934.]

GARFIELD TAYLOR, *Appellant*, v. CARL E. WILBUR *et al.,*
*Respondents and Cross-appellants,* AMERICAN
SURETY COMPANY OF NEW YORK,
*Respondent.*[1]

[1]Reported in 31 P. (2d) 1016.

438

*F. L. Morgan,* for appellant.

*Williamson, Freeman & Broenkow,* for respondents and cross-appellants.

MITCHELL, J.—The complaint states two causes of action, one on a garnishment bond executed by Carl E. Wilbur and the United States Fidelity & Guaranty Company, a corporation, to recover , damages and costs for the alleged wrongful suing out of a writ of garnishment ancillary to an action on contract instituted by Wilbur against the present plaintiff, Garfield Taylor. The other cause of action is on an attachment bond executed by Carl E. Wilbur and the American Surety Company of New York, a corporation, to recover damages and costs for the alleged wrongful suing out of a writ of attachment upon the commencement by Wilbur against the present plaintiff, Garfield Taylor, of an action on contract, the same action out of which the writ of garnishment was issued.

Upon the issues made by the pleadings, a trial resulted in findings of fact upon which conclusions were entered that plaintiff was not entitled to recover on the attachment bond, but was entitled to recover against Wilbur and the United States Fidelity & Guaranty Company, a corporation, on the garnishment bond in the sum of $257.78 and interest thereon in the sum of $103.46, and $300 as and for attorneys' fees for services in the action wherein the writ of garnishment was wrongfully sued out. Judgment was entered according to the findings and conclusions. The plaintiff has appealed from the judgment, and defendants Wilbur and United States Fidelity & Guaranty Company, a corporation, have cross-appealed from portions of the judgment adverse to them.

On the main appeal, several assignments of error challenge the findings, conclusions and judgment that the allegation of the complaint that the writ of attachment was wrongfully sued out and without reasonable cause was not proven.

First, it is argued, as we understand, that, upon the last appeal in this case, before the present, *Taylor v. Wilbur,* 170 Wash. 265, 16 P. (2d) 457, it was decided that this appellant was entitled to recover in certain particulars named, and that the trial court refused to follow that decision in the present trial. That contention is a misinterpretation of the decision, which, in effect, declared that the complaint on the bond and the opening statement of counsel would, as a matter of pleading, warrant recovery in the particulars named. The trial court had held otherwise, so that, there being no proof in the case at that time, the judgment appealed from was reversed, and the cause remanded for further proceedings, and this is the trial that followed.

To recover on an attachment bond, the statute requires that the plaintiff must show that the attach-

ment was wrongfully sued out, *"and* that there was no reasonable cause to believe the ground upon which the same was issued to be true, etc."

The trial court found upon a preponderance of the evidence, as we view it,

"That the defendant herein Carl E. Wilbur, after conferring with his attorneys with respect to his right to bring suit and action upon said promissory note and after fully and fairly disclosing to his said attorneys all facts within his knowledge relating to said note and said contract, was advised by his said attorneys that he had a good and meritorious cause of action against the makers of said note and had the right to attach property not exempt from execution belonging to the makers of said note and to garnish debtors of the makers and upon said promissory note. That in consulting with his said attorneys, who are reputable members of the Bar of this State, the said defendant Wilbur fully, fairly and truthfully communicated to his said attorneys all of the facts within his knowledge and which he was able to obtain respecting said note and said agreement and all facts and circumstances surrounding and in connection therewith."

The court further found that, acting upon the advice of his attorneys and in pursuance thereof, he (plaintiff) commenced suit on the note and caused the writ of attachment to issue. The facts thus established to the satisfaction of the court bring the case within the rule of probable or reasonable cause, and prevent recovery on the attachment bond. *Levy v. Fleischner, Mayer & Co.,* 12 Wash. 15, 40 Pac. 384; *Voss v. Bender,* 32 Wash. 566, 73 Pac. 697.

It is further assigned that the court erred in not finding in this action on the garnishment bond that the amount lost to the appellant was $289.10 instead of $257.78, because it is said that the garnishee defendant, by his answer in the original action, admitted

that he had $289.10 in his possession subject to garnishment. However, the judgment in that respect in that case fixed the amount at $257.78, from which judgment there was no appeal.

On the cross-appeal, it is claimed that damages by way of attorneys' fees incurred in the original action wherein it was established that the garnishment was reasonably sued out, are, as a matter of law, not recoverable in a suit on the garnishment bond. That question, however, was decided to the contrary in the decision in this case on the former appeal reported in 170 Wash. 265, 16 P. (2d) 457, construing the garnishment statute.

As to the amount to be allowed for attorneys' fees, cross-appellants call attention to the fact that the record shows the services were rendered without reference to the attachment as distinguished from or compared with the garnishment, that is, three hundred dollars is claimed for the combined services, and that, since there can be no recovery on the attachment bond, there is no way of measuring the amount to be allowed or allocated to the garnishment proceedings, which involve only $257.78. The trial court remarked on the lack of segregation or definiteness in this respect before findings of fact were settled, but no request or attempt was made by the appellant to overcome the difficulty, evidently trusting in his claim of right to recover on both bonds. However, cross-appellants say in their brief

" . . . that if the court concludes that attorneys' fees as an element of damage in the suit on the garnishment bond are a proper element of damages and a recoverable item,"

then the three hundred dollar item should be apportioned according to the amounts of the respective funds, that is, $257.78 in the garnishment fund and

442

$1,011.14 in the fund against which the attachment was issued. To end this controversy, we adopt the plan suggested by the cross-appellants for the purposes of this case, and direct that the judgment in this respect be modified accordingly.

Other assignments on behalf of cross-appellants, upon being examined, are, in our opinion, without substantial merit.

The judgment is affirmed on the main appeal. It is modified on the cross-appeal as to the item of attorneys' fees, and the cause remanded with directions to the superior court to enter judgment accordingly.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.

