[No. 33826. Department One. February 14, 1957.]

JOE NEWBY, *Respondent* v. UNITED STATES FIDELITY AND GUARANTY COMPANY, *Appellant.*[1]

[1]Reported in 307 P. (2d) 275.

*Ned W. Kimball,* for appellant.

*Kenneth H. Hopp,* for respondent.

FINLEY, J.—In October, 1953, the Douglas County Memorial Hospital Association commenced an action against Joe Newby to recover the sum of $592.76 under an express contract. In the course of the action, the hospital attached Mr. Newby's automobile. The ground set forth in the affidavit for the attachment was: "To recover on a contract express or implied." In the above-mentioned action, the trial court awarded judgment to the hospital. On Newby's appeal to this court (*Douglas County Memorial Hospital Ass'n v. Newby,* 45 Wn. (2d) 784, 278 P. (2d) 330), the judgment was reversed and the cause remanded with instructions to dismiss the action and dissolve the attachment.

The present lawsuit was then instituted against the surety on the attachment bond to recover damages for the loss of use and the depreciation of the automobile and for attorney's fee. The trial judge, sitting without a jury, found that the attachment was wrongful and "that there was no reasonable cause to believe the ground upon which it was issued to be true." Judgment was entered for the plaintiff in the sum of nine hundred and forty dollars, together with two hundred and seventy-five dollars as attorney's fee and costs. From this judgment, the defendant surety company appeals.

The orthodox remedy historically accorded by the courts for wrongful attachment in the form of a common-law action, apparently, has been analyzed critically by the legislatures of most states. Seemingly, these have found that the common-law remedy, which requires proof that (a) the attachment was wrongful and (b) without probable cause, places too heavy a burden on the plaintiff in a wrongful attachment action. In any event, a preponderance of the state jurisdictions, by statutes, now permit an attachment de-

fendant to recover from the surety on an attachment bond in a wrongful attachment action simply by proving that the attachment was wrongful, without proving lack of probable cause. The authorities distinguish between (1) a proceeding on an attachment bond and (2) a common-law tort action for malicious or wrongful attachment, in that the former is based on the contractual obligations of the attachment plaintiff and his surety embodied in the attachment bond and the provisions of the statutes sanctioning such bonds. *Brown v. Guaranty Estates Corp.*, 239 N.C. 595, 80 S.E. (2d) 645, 40 A.L.R. (2d) 1094; 5 Am. Jur. 191, § 985.

In our own state, we are bound by the particular provisions of our own statutes. The decisions construing these clearly hold that both (1) lack of reasonable or of probable cause and (2) wrongfulness are essential elements to be proved by the plaintiff in an action on an attachment bond. The question of policy involved might well be reviewed or reconsidered by our state legislature.

RCW 7.12.060 provides that an attachment bond should be conditioned to compel the plaintiff to prosecute his action without delay and to pay costs that may be adjudged to the defendant and all damages that defendant may sustain by reason of the attachment should the same be wrongfully, oppressively, or maliciously sued out. Nothing is said therein about lack of reasonable or probable cause. This statute, however, has been and must be read in conjunction with RCW 7.12.080, which creates or authorizes a statutory cause of action against the surety on an attachment bond, and provides that the plaintiff in such an action may recover if he shows (a) that "the attachment was wrongfully sued out," and (b) "that there was no reasonable cause to believe the ground upon which it was issued to be true."

In a wrongful attachment action, the fact that the defendant in the principal action finally prevailed and that the attachment was dissolved is conclusive that the attachment was wrongful. *McGill v. W. P. Fuller & Co.*, 45 Wash. 615, 88 Pac. 1038; 7 C. J. S. 664, § 517. But in order to recover, a plaintiff must go further and must, under

RCW 7.12.080, show that there was no reasonable cause to "believe the ground upon which the attachment was issued to be true."

In the case at bar, the fact that the trial court granted judgment for the plaintiff hospital in the original action (which, if it had not been reversed, would have sustained the attachment), does not show, as a matter of law, probable cause for the issuing of the attachment. *Taylor v. Wilbur,* 170 Wash. 265, 16 P. (2d) 457.

The appellant argues that, since the hospital association made a full disclosure of all the facts to its attorney and the action was taken upon his advice, there was reasonable cause for the issuing of the attachment, citing *Levy v. Fleischner,* 12 Wash. 15, 40 Pac. 384, wherein the court stated:

"Probable cause is a question of law, in this far, at least, that probable cause will be presumed when the action has been commenced by the advice of attorneys to whom has been submitted all the facts in the case."

The cited case merely holds that, under such circumstances, probable cause will be *presumed.* However, consulting or acting upon the advice of legal counsel is not conclusive on the question of reasonable or probable cause. Legal advice is only one of the factors which may be considered by the trial court in determining whether there was reasonable cause to believe the ground upon which the attachment was issued to be true.

The evidence in the record and the decision in *Douglas County Memorial Hospital Ass'n v. Newby, supra,* support the trial court's finding of fact No. VIII, that

". . . a valid installment contract existed between the parties, that said contract was not delinquent and that no payments were due from the plaintiff at the time of attachment; . . ."

The evidence also supports the trial court's finding of fact No. IX (which actually is more in the nature of a conclusion of law) that

". . . there was no reasonable cause to believe the ground upon which the attachment was issued or any basis

for claiming there was any reasonable cause to believe the grounds upon which the attachment was issued to be true."

The respondent has established the elements necessary to recover damages for wrongful attachment on an attachment bond as provided in RCW 7.12.080. The judgment of the trial court should be affirmed.

It is so ordered.

DONWORTH, ROSELLINI and FOSTER, JJ., concur.

SCHWELLENBACH, J. (dissenting)—In the case of *Levy v. Fleischner,* 12 Wash. 15, 40 Pac. 384, in addition to the rule quoted by the majority, the court also said:

"A reasonable ground is nothing but a probable cause, and if it be conceded that the probable cause existed by reason of the fact that the action was brought by the advice of attorneys to whom the facts were submitted, then it could not be very well established that the action was brought without reasonable cause."

Now, what was the situation here? The officers of the hospital association made a full disclosure of all the facts to its attorney. The attorney was confronted with two problems; whether or not a contract existed, under the facts, and whether or not the existence of a contract constituted a ground for attachment. He advised them that a contract did exist and that such existence constituted a ground for attachment. Acting upon that advice, the writ was sued out.

In *Taylor v. Wilbur,* 177 Wash. 437, 31 P. (2d) 1016, the court said:

"To recover on an attachment bond, the statute requires that the plaintiff must show that the attachment was wrongfully sued out, '*and* that there was no reasonable cause to believe the ground upon which the same was issued to be true, etc.'

"The trial court found upon a preponderance of the evidence, as we view it,

" 'That the defendant herein Carl E. Wilbur, after conferring with his attorneys with respect to his right to bring suit and action upon said promissory note and after fully and fairly disclosing to his said attorneys all facts within his knowledge relating to said note and said contract, was ad-

vised by his said attorneys that he had a good and meritorious cause of action against the makers of said note and had the right to attach property not exempt from execution belonging to the makers of said note and to garnish debtors of the makers and upon said promissory note. That in consulting with his said attorneys, who are reputable members of the Bar of this State, the said defendant Wilbur fully, fairly and truthfully communicated to his said attorneys all of the facts within his knowledge and which he was able to obtain respecting said note and said agreement and all facts and circumstances surrounding and in connection therewith.'

"The court further found that, acting upon the advice of his attorneys and in pursuance thereof, he (plaintiff) commenced suit on the note and caused the writ of attachment to issue. The facts thus established to the satisfaction of the court bring the case within the rule of probable or reasonable cause, and prevent recovery on the attachment bond. *Levy v. Fleischner, Mayer & Co.*, 12 Wash. 15, 40 Pac. 384; *Voss v. Bender*, 32 Wash. 566, 73 Pac. 697."

I feel that we are compelled to reverse.