[No. 17965.   Department One.   August 9, 1923.]

E. F. MILLS, *Respondent*, v. VOLLMER-CLEARWATER
COMPANY, *Appellant*.[1]

ATTACHMENT   (58)—WRONGFUL   ATTACHMENT—ACTIONS—EXIST-
ENCE OF PROBABLE CAUSE.  An attaching plaintiff cannot claim im-
munity from the effect of a wrongful attachment because of having
followed the advice of counsel, where, at the time the supporting
affidavit was filed, he had come into possession of facts which pre-
cluded the issuance of the attachment and failed to advise his coun-
sel thereof.

Appeal from a judgment of the superior court for
Asotin county, McCroskey, J., entered January 13,
1923, upon findings in favor of the plaintiff, in an
action for wrongful attachment, tried to the court.
Affirmed.

*C. H. Baldwin,* for appellant.

*Fred E. Butler* and *E. J. Doyle,* for respondent.

PER CURIAM.—The trial court found that, on August
3, 1920, the appellant began an action against the
respondent and filed an affidavit on that day for at-
tachment and issued an attachment bond; that the
attachment was issued thereon and a levy made upon
an automobile belonging to the respondent; that the
affidavit was insufficient, and that thereafter, on the
7th of August, the appellant filed a new affidavit for
attachment and new bond and a writ was issued and
the automobile was again attached; that in November,
1920, the writs were duly dissolved and that there was
no probable cause for the issuance of either writ, and
entered judgment based on these findings against the
respondent for the damages caused by the unlawful
detention of the automobile and attorney's fee. From
that judgment, this appeal has been prosecuted.

[1]Reported in 217 Pac. 3.

The record shows that the attorney for the appellant collected the information upon which the attachment was issued, having had placed in his hands for collection a bill against the respondent. It is admitted that the first affidavit stated no ground for attachment. The second affidavit was made after the appellant had secured, as we are satisfied from the record, information of sufficient property in the state owned by the respondent out of which judgment, if one should be obtained, could be satisfied. It is the appellant's contention that, having turned the entire matter over to its attorney, who made the investigation of both the facts and the law, and filed the attachment, it is relieved from liability, and relies on this upon the decision of this court in *Levy v. Fleischner,* 12 Wash. 15, 40 Pac. 384. The cases of *Voss v. Bender,* 32 Wash. 566, 73 Pac. 697, and *Wild Rose Orchard Co. v. Critzer,* 79 Wash. 462, 140 Pac. 561, are cited by the respondent as limiting the rule laid down in *Levy v. Fleischner, supra.*

We find it unnecessary to restate the rule or to enter into any analysis of these decisions; for we are satisfied that the respondent is entitled to recover because of the wrongful execution of the attachment under the second affidavit, even under any interpretation that may be given to the decision in the *Levy* case; for, at the time the second affidavit was filed, the appellant was in possession of facts which precluded the issuance of the attachment; and under the *Levy* case, it was the duty of the appellant to have submitted to its attorney all the facts of which it had possession, failing to do which it cannot claim immunity because of having followed the advice of counsel. Rem. Comp. Stat., § 6654 [P. C. § 865]. We are satisfied from the entire record that the judgment should be, and it is, affirmed.