965 P.2d 1078 (1998)
136 Wash.2d 641
STATE of Washington, Respondent,
v.
Joseph AKERS, a/k/a Larry Hendrix, Petitioner,
Darryl E. John, Defendant.
No. 66600-8.
Supreme Court of Washington.
October 15, 1998.
Nielsen, Broman & Associates, Eric Broman, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Francis D. Zavatsky, Shannon D. Anderson, Deputies King County Prosecutor, Seattle, for Respondent.
PER CURIAM.
Larry Hendrix (a/k/a Joseph Akers) was convicted of and received an enhanced sentence for one count of delivery of a controlled substance within 1,000 feet of the Seattle School District's "Youth Education Program" (YEP). On appeal, he argued that application of the school zone enhancement statute violated due process, and that the special verdict form submitted to the jury contained an improper comment on the evidence. The Court of Appeals reversed the enhancement in light of our decision regarding the YEP in State v. Becker, 132 Wash.2d 54, 935 P.2d 1321 (1997). See State v. Akers, 88 Wash.App. 891, 946 P.2d 1222 (1997). The court rejected Hendrix's challenge to the special verdict form, however, as well as his later motion to delete the court's discussion of this issue as nonbinding dicta Akers, 88 Wash.App. at 895-902 n. 2, 946 P.2d 1222. We now affirm the Court of Appeals on the ground that the school zone enhancement violated Hendrix's right to due process.
Hendrix was arrested on June 16, 1994, after selling cocaine to an undercover Seattle police officer. The sale took place about 550 feet from the Alaska Building, a downtown office building. YEP is located on the third floor of the Alaska Building. Hendrix was charged with a violation of the Uniform Controlled Substances Act, RCW 69.50.401(a)(1)(i), and also (to invoke the enhancement statute) with making the delivery within 1,000 feet of school grounds, RCW 69.50.435(a).
The trial court denied Hendrix's pretrial motion to strike the enhancement allegation on due process grounds. At trial, the State offered the testimony of Donna Marshall, an employee of the Seattle School District, to *1079 establish that YEP is a school and that Hendrix had notice that he was in a school zone at the time of the drug transaction. On this latter point, Marshall described a sign located two blocks north of YEP designating it as a school and identifying the area as a drug free zone. On cross-examination, however, defense counsel showed Marshall a newspaper article indicating that the signs were placed near YEP in August 1994, a month after Hendrix's arrest. Marshall responded that the signs mentioned in the article were "new," and erected in response to the frustration of School District personnel who disliked being continually called to court in YEP cases. See Report of Proceedings at 204. According to Marshall, these were "not the same signs that were put years ago.... This was mainly the signs put on because we've been coming down to court." Id.
The jury found Hendrix guilty of delivery of cocaine, and also answered "yes" on a special verdict form which asked, "Was the defendant, Larry Hendrix, within 1,000 feet of the perimeter of school grounds, to-wit: Youth Education Program at the time of the commission of the crime?" Clerk's Papers at 29.
In Becker, as in this case, the defendants received enhanced sentences for delivering cocaine to an undercover officer within 1,000 feet of YEP. We held that those enhancements violated the defendants' due process rights because the existence of a protected school zone area could not be ascertained by any available means. Becker, 132 Wash.2d at 62-63, 935 P.2d 1321. We concluded that a person of ordinary intelligence could not have determined the existence of a protected school zone because, among other things, YEP is located inside of a commercial office building in downtown Seattle, does not have any of the physical features of a school (e.g., a flag, sports field, or playgrounds), and the only signs that referenced YEP identified it as a "program," not a "school." Id.
The Court of Appeals properly relied on Becker to vacate the enhancement in the present case. We agree that the State's evidence was insufficient to show that Hendrix had a readily ascertainable means of determining that he was in a school zone at the time of the drug transaction here. State v. Akers, 88 Wash.App. at 903, 946 P.2d 1222.
We affirm the Court of Appeals reversal of the school zone enhancement to Hendrix's sentence on due process grounds. While we therefore need not decide whether the special verdict form constitutes an improper comment on the evidence, we note that we find unpersuasive the Court of Appeals attempt to distinguish this form from the one we found improper in Becker.