[No. 22479-1-III.   Division Three.   October 28, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. MORRIS H. GOLDBERG, *Appellant*.

*Carol A. Elewski*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for respondent.

BROWN, J. — Following a remand from *State v. Goldberg*, 149 Wn.2d 888, 72 P.3d 1083 (2003), the trial court resentenced Morris H. Goldberg to 320 months, a maximum standard range sentence based upon his first degree murder conviction. He now contends in a unique argument that he was denied effective assistance of counsel at the resentencing because his attorney failed to object to the deputy prosecutor's argument to the court and failed to adequately argue for a lower standard range sentence. Speculative, conclusory arguments do not show deficient performance or prejudice. Accordingly, we affirm.

FACTS

The background facts are fully detailed by the Supreme Court and need not be recounted. Mr. Goldberg was initially convicted of first degree murder with an aggravating circumstance for the death of his son-in-law, Peter Zeihen. *Goldberg*, 149 Wn.2d at 890. The Supreme Court reversed the aggravated circumstance finding and remanded for resentencing for first degree murder. Under the circumstances, the parties agreed Mr. Goldberg faced a 20-year mandatory minimum sentence.

The State requested an upward exceptional sentence, arguing Mr. Goldberg's crime was aggravated because the victim was going to be a witness in a dissolution case

involving Mr. Goldberg's daughter, Mr. Goldberg was not remorseful, and the crime involved sophisticated planning. Mr. Goldberg's counsel did not interrupt during the State's presentation or during the statements of interested persons who were permitted to speak by the court.

Defense counsel argued against an aggravated exceptional sentence and responded to statements from the victim's parents. Defense counsel requested the minimum sentence, arguing Mr. Goldberg's wife was the primary actor and asked for an equal sentence. He argued an aggravated sentence would likely prolong the litigation because of the appeal potential. Lastly, defense counsel argued that even a minimum standard range sentence would amount to a life sentence because Mr. Goldberg was then 72 years old and sick with diabetes. In allocution, Mr. Goldberg recounted his belief he murdered his son-in-law to protect his granddaughter and related he was going to die in prison even with a minimum sentence.

The court ordered a maximum standard range sentence of 320 months to finalize the sentencing, while at the same time noting an aggravated sentence was supported by the record and would likely survive appeal. Mr. Goldberg appealed.

## ANALYSIS

Mr. Goldberg contends he was denied effective assistance of counsel because his defense attorney was unsuccessful in obtaining a low-end sentence and failed to rebut or object to the State's arguments.

■ "To prevail on a claim of ineffective assistance of counsel, a defendant must establish both ineffective representation and resulting prejudice." *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002) (citing *State v. Rosborough*, 62 Wn. App. 341, 348, 814 P.2d 679 (1991)). "To establish ineffective representation, the defendant must show that counsel's performance fell below an objective standard of reasonableness." *McNeal*, 145 Wn.2d at 362

(citing *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). "To establish prejudice, a defendant must show that but for counsel's performance, the result would have been different." *McNeal*, 145 Wn.2d at 362 (citing *State v. Early*, 70 Wn. App. 452, 460, 853 P.2d 964 (1993)).

We presume trial counsel adequately performed and give "exceptional deference" to "strategic decisions." *McNeal*, 145 Wn.2d at 362 (citing *Strickland*, 466 U.S. at 689). "If trial counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim that the defendant received ineffective assistance of counsel." *McNeal*, 145 Wn.2d at 362 (citing *State v. Adams*, 91 Wn.2d 86, 90, 586 P.2d 1168 (1978)).

Initially, the State argues Mr. Goldberg cannot appeal a standard range sentence. However, a defendant may appeal a standard range sentence if he alleges a constitutional violation. *State v. Bramme*, 115 Wn. App. 844, 850, 64 P.3d 60 (2003). Ineffective assistance of counsel is a constitutional violation. *See State v. Soonalole*, 99 Wn. App. 207, 215, 992 P.2d 541 (ineffective assistance of counsel is issue of constitutional magnitude), *review denied*, 141 Wn.2d 1028 (2000).

Here, defense counsel responded to each of the State's concerns during responsive argument, requesting the 20-year minimum sentence, arguing proportionality with Mr. Goldberg's wife, arguing the need for finality, and arguing any sentence was a life sentence for Mr. Goldberg considering his age and health. Defense counsel's choice of arguments was tactical and strategic. Viewed deferentially, the arguments were arguably successful. The court did not order the aggravated exceptional sentence requested by the State even though it believed one was supported by the record and would survive an appeal. "I'm going to impose [320 months] with the understanding that I believe going beyond that would survive an appeal, but I don't believe an appeal would do anybody any good." Report of Proceedings at 69.

■ Mr. Goldberg argues his counsel was obligated to make objections during the State's legal argument. But, objections during legal argument to the court are rare, viewed with disfavor, or not even permitted by many judges. Traditionally, legal arguments flow from opening, to response, and then reply. Traditionally, it is trial counsels' function in legal argument to the court to mention facts in the record, suggest favorable inferences, and then argue how the law applies. Here, defense counsel followed the traditional path, arguing disagreements in his response argument. Therefore, we conclude defense counsel's choice of time to respond was not deficient.

■ Under difficult facts and faced with the trial judge's standard range sentencing discretion, defense counsel's choice of a mercy argument was strategic and tactical, involving an art, not a science. Mr. Goldberg's conclusory argument that his defense counsel's argument was qualitatively deficient is hopeless in light of our exceptionally deferential standard of review. *McNeal*, 145 Wn.2d at 362. Therefore, we conclude Mr. Goldberg fails to show deficient performance in offering particular arguments for mercy.

■■ We discuss prejudice to stress that an allegedly unsuccessful or poor quality sentencing argument alone is unlikely to result in demonstrable prejudice because of the near impossibility of showing a nexus between the argument and the eventual sentence. We must be persuaded the result would have been different. *McNeal*, 145 Wn.2d at 362. A standard range sentence is a matter of broad trial court discretion. Argument merely attempts to influence the court's exercise of its sentencing discretion. A failed attempt alone does not show prejudice or satisfy the nexus requirement since we must presume adequately performed argument. *McNeal*, 145 Wn.2d at 362. We reject speculative, conclusory arguments to the contrary. *See State v. Williams*, 98 Wn. App. 765, 778-79, 991 P.2d 107 (2000) (rejecting conclusory ineffective assistance argument), *rev'd on other grounds*, 144 Wn.2d 197, 26 P.3d 890 (2001).

Here, defense counsel could not argue for a below range sentence, did argue for a minimum standard range sentence, and with apparent success resisted an above range sentence. The sole arguable nexus favors Mr. Goldberg. Prejudice is not presumed. Candidly, Mr. Goldberg recognized in allocution that given his age and health, he would likely not survive even a minimum standard range sentence.

We hold Mr. Goldberg fails to show ineffective assistance of counsel.

Affirmed.

SWEENEY, A.C.J., and KURTZ, J., concur.