FILED
COURT OF APPEALS
DIVISION II

2015 MAR -3 AM 8: 35

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45011-9-II |
| Respondent, | |
| v. | |
| STANLEY AARON GEBAROWSKI, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Stanley Aaron Gebarowski challenges his convictions and sentences for second degree assault and third degree assault, both with a deadly weapon enhancement, arguing that (1) the trial court erred in allowing the police officer to testify about the wound on the victim's arm; (2) the trial court impermissibly commented on the evidence by presenting a jury instruction that defined the knife as a deadly weapon; and (3) he received ineffective assistance of counsel. We hold that (1) the officer's testimony about the victim's wound was properly admitted as lay opinion under ER 701; (2) the trial court did not impermissibly comment on the evidence by instructing the jury that the deadly weapon was a knife; and (3) Gebarowski fails to show that his counsel was ineffective. We affirm.

## FACTS

Gebarowski lived with his brother Anthony Edward Abbot Williams in Vancouver, Washington. Around 9:30 in the evening of June 14, 2011, Gebarowski was soundproofing their

garage when he approached Williams and complained that Williams did not purchase the screws that Gebarowski had asked him to purchase. Gebarowski still had his tools in his hands: a knife for scoring the Styrofoam sheeting and a block of wood to break the sheeting. The conversation escalated into an argument and then a fight. At some point during the fight, the knife fell to the ground.

Hao Dang was in the room during the fight and became involved in the fight. Gebarowski, Williams and Dang gave different accounts of how the fight started and what happened during the fight. Williams suffered a cut on his left arm and bruising to his head.

The State charged Gebarowski with two counts of second degree assault and two counts of third degree assault, one of each count involving Williams and one of each count involving Dang. All four assault charges included a deadly weapon enhancement; the State also charged one count of misdemeanor harassment involving Williams. All counts involving Williams included a domestic violence enhancement.

Williams testified that he did not know he had been cut on his arm until responding Officer Dustin Goudschaal pointed it out to him after the incident. When asked what caused the injury, Williams testified that he thought that both his arm injury and his head injuries were caused by the block of wood. At trial, the defense moved to prevent Officer Goudschaal from giving any opinion about the source of Williams' wounds on the grounds that it would violate ER 701 and ER 702 rules regarding admissibility of expert and lay opinion testimony. The trial court admitted the officer's opinion testimony as a lay opinion, not as expert opinion, stating "I will give [Officer Goudschaal] the opportunity to express a lay opinion based on his perceptions and observations, without any particular expertise or training as under [ER] 702." 1B Verbatim Report of

2

No. 45011-9-II

Proceedings (VRP) at 203. Goudschaal testified that, based on his training and experience, Williams suffered a knife wound.

After the close of testimony, Gebarowski's counsel asked the trial court to add language defining the deadly weapon, "to wit: a knife," in the deadly weapon enhancement jury instruction. 1B VRP at 303. The prosecutor did not object.[1] The trial court's instructions to the jury included the language that Gebarowski requested.[2]

The jury convicted Gebarowski of second degree assault domestic violence against Williams and of third degree assault against Dang. The jury also found, by special verdict, that Gebarowski was armed with a deadly weapon on both counts.[3] Gebarowski appeals.

## ANALYSIS

### I. OPINION TESTIMONY

Gebarowski argues that the trial court erred in allowing Officer Goudschaal to opine that Williams suffered a knife wound. He argues that the testimony did not qualify as a lay opinion

---

[1] Gebarowski's counsel stated, "Your Honor, for both this instruction [Count 2] and the count of assault in the second degree charged in Count 1, I would . . . . Your Honor, I would ask that after the words 'a deadly weapon,' that the words 'to wit, a knife' be added." 1B VRP at 302, 303.

[2] The trial court's Jury Instruction 12 on second degree assault provided, in part:
> To convict the defendant of the crime of Assault in the Second Degree as charged in Count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1)    That on or about June 14, 2011, the defendant assaulted Anthony Edward Williams with a deadly weapon to wit: a knife; and
> (2)    That this act occurred in the State of Washington.

Suppl. Clerk's Papers at 90.

[3] The jury also convicted Gebarowski of one count of misdemeanor harassment of Williams (with domestic violence enhancement), but Gebarowski does not appeal his conviction for this offense.

3

under ER 701. Because the record shows that the officer's testimony was admissible as lay opinion testimony based on firsthand impressions and observations of the victim's wound, we disagree.

We review a trial court's decision to admit opinion testimony for abuse of discretion. *State v. Rodriguez*, 163 Wn. App. 215, 231-32, 259 P.3d 1145 (2011), *review denied*, 173 Wn.2d 1009 (2012). ER 701 permits testimony "in the form of opinions or inferences" that are "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." ER 701. Opinion testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." ER 704.

Gebarowski argues that Officer's Goudschaal's testimony, that his observation of the victim's arm wound was likely caused by a knife rather than by a block of wood, did not qualify as lay opinion under ER 701. The State argues that the testimony was based on the officer's first-hand knowledge and that it helped the jury understand how Gebarowski wounded Williams. The State also argues that, even if the trial court abused its discretion, any error was harmless.

Here, the trial court admitted Officer Goudschaal's testimony under ER 701 and based its ruling on Goudschaal's firsthand impressions as the responding officer, not on any particular training or expertise Officer Goudschaal may have had. The officer testified that the cut to the victim's arm "appeared to [him]" to be "more consistent with a cutting object than a blunt-force object," and that he believed the victim's cut was caused by a knife rather than by a block of wood. 1B VRP at 229.

In a similar case, we have held that an officer may provide opinion evidence based on his or her first-hand knowledge that a cut mark on the victim's throat ran from left to right. *State v. Cole*, 117 Wn. App. 870, 878, 73 P.3d 411 (2003), *review denied*, 151 Wn.2d 1005 (2004). Much

like in *Cole*, here Officer Goudschaal's statements were a first-hand account of his impression of the cut on Williams' arm. The officer's testimony was based on his law enforcement experience dealing with victims of knife wounds and wounds caused by objects such as pieces of wood.[4] Although his specialized experience may have given him more than a layperson's knowledge about such wounds, his testimony expressed his observations about what the wound looked like and his inferences about what may have caused the wound. *See State v. Ortiz*, 119 Wn.2d 294, 308-09, 831 P.2d 1060 (1992) (tracker's lay opinion testimony permissible based on training and experience as a tracker).

Even a witness who demonstrates an expertise "'acquired either by education or experience'" in a particular area may give lay opinion testimony. *State v. Hernandez*, 85 Wn. App. 672, 676, 935 P.2d 623 (1997) (lay opinion testimony from police officers admissible as circumstantial evidence of identity of a drug) (quoting *State v. Hutton*, 7 Wn. App. 726, 731, 502 P.2d 1037 (1972)). Witnesses may use inferences and opinions if they are "'rationally based on the perception of the witness'" and such testimony will be helpful to the jury. *State v. Blake*, 172 Wn. App. 515, 523, 298 P.3d 769 (2012) (quoting ER 701), *review denied*, 177 Wn.2d 1010 (2013); *State v. Montgomery*, 163 Wn.2d 577, 591, 183 P.3d 267 (2008). Here Officer Goudschaal's testimony reflected his firsthand impressions as the responding officer at the scene

---

[4] The officer testified he had close to five years of experience as a police officer with the Vancouver Police Department and over four years of experience as a peace officer in Arizona. He had experience with "[o]ver fifty," "probably close to a hundred" cases involving knife wounds, both "stabbing-type" and "cutting-type" injuries, as well as "probably twenty or so" calls involving injuries from objects made from a "piece of wood." 1B VRP at 228, 229.

and his observations of the victim's wound. The testimony was properly admitted under ER 701 as lay opinion testimony and the trial court did not abuse its discretion.[5]

## II. JURY INSTRUCTION 12

Gebarowski argues that the trial court's Jury Instruction 12 impermissibly commented on the evidence in violation of article IV, section 16 of the Washington Constitution.[6] He argues that the "to convict" instruction, Jury Instruction 12, included the term "'to wit: a knife,'" which defined the deadly weapon as a knife and removed a factual issue from the jury's consideration. Br. of Appellant at 12 (quoting Suppl. Clerk's Papers at 90). The State responds that Gebarowski invited the error by requesting the language to which he now objects. We agree with the State.

The State initially proposed Jury Instruction 12 defining the elements of second degree assault without the words "to wit: a knife," but Gebarowski's counsel asked the trial court to add this language into the instruction, and the trial court did so.[7] 1B VRP at 303. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009) ("a party who sets up an error at trial cannot [later] claim that very action as error on appeal."). Gebarowski invited the claimed error, and he is now precluded from seeking review.

---

[5] Gebarowski argues that Officer Goudschaal's qualifications are inadequate to distinguish between knife wounds and wounds caused by a block of wood. This is not a relevant inquiry to determine whether the officer's testimony was admissible under ER 701.

[6] "Judges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." WASH. CONST. art. IV, § 16.

[7] It is not an impermissible comment on the evidence to include language such as "to-wit: a knife" in a special verdict form. *State v. Akers*, 88 Wn. App. 891, 898, 946 P.2d 1222 (1997), *aff'd*, 136 Wn.2d 641, 965 P.2d 1078 (1998).

III. EFFECTIVE ASSISTANCE OF COUNSEL

In his supplemental brief, Gebarowski argues that he received ineffective assistance of counsel when his counsel agreed to define a deadly weapon as a knife. The State responds that the instruction was proper and, even if not proper, Gebarowski fails to show prejudice. We review a claim of ineffective assistance de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

An appellant claiming ineffective assistance of counsel must show that counsel's performance fell below an objective standard of reasonableness, and "'a reasonable probability that, but for counsel's deficient performance, the outcome of the [trial] would have been different.'" *State v. Johnson*, 180 Wn. App. 318, 324, 327 P.3d 704 (2014) (internal quotation marks omitted) (quoting *State v. Grier*, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011)). Failure to meet either prong of this test defeats a showing of ineffective assistance of counsel. *Johnson*, 180 Wn. App. at 324. "'If trial counsel's conduct can be characterized as legitimate trial strategy or tactics, it cannot serve as a basis for a claim that the defendant received ineffective assistance of counsel.'" *State v. Rafay*, 168 Wn. App. 734, 840, 285 P.3d 83 (2012) (internal quotation marks omitted) (quoting *State v. Goldberg*, 123 Wn. App. 848, 852, 99 P.3d 924 (2004)). Our review of defense counsel's performance is highly deferential and employs a strong presumption of reasonableness. *State v. Humphries*, 181 Wn.2d 708, 720, 336 P.3d 1121 (2014) (citing *Strickland*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)); *see State v. Olson*, 182 Wn. App. 362, 379, 329 P.3d 121 (2014).

Gebarowski argues that he was prejudiced by his attorney's deficient performance when his counsel relieved the State of proving that the knife qualified as a deadly weapon. We hold that

it was a well-reasoned trial tactic to add the language to Jury Instruction 12 defining a deadly weapon as a knife. By specifying that the *knife* was the deadly weapon, Gebarowski's counsel added another element for the State to prove, thereby increasing the chances that the jury may fail to agree that the knife, rather than the wood block, was the deadly weapon at issue, and thus preventing the jury from reaching a verdict on the deadly weapon enhancements. As a legitimate tactic, this "'cannot serve as a basis for a claim that the defendant received ineffective assistance of counsel.'" *Rafay*, 168 Wn. App. at 840 (internal quotation marks omitted) (quoting *Goldberg*, 123 Wn. App. at 852).

We affirm the trial court and hold that (1) the officer's testimony was admissible as lay opinion testimony under ER 701; (2) the trial court did not impermissibly comment on the evidence by instructing the jury that the deadly weapon was a knife; and (3) Gebarowski fails to show that his counsel was ineffective. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Sutton, J.

We concur:

_____
Worswick, P.J.

_____
Lee, J.